*143 OPINION.
TURNER:
The only issue for determination is whether or not the installment obligations arising from the sales of the Hershey Arms property, Toberman-Hay Canyon property, and the La Crescenta Canada property, which were unpaid at the date of Mira Hershey’s death, were transmitted by reason of her death within the meaning of section 44 (d) of the Revenue Act of 1928, so as to require the inclusion in income for the period here in question of the excess of the fair market value of the obligations on that date over the basis prescribed therefor in the said section; and, further, if section 44 (d) is applicable, whether or not it is constitutional.
The constitutionality of section 44 (d), supra, and its applicability to cases such as we have here have already been considered and determined adversely to the petitioner. Crane v. Helvering, 76 Fed. (2d) 99, affirming 30 B. T. A. 29; Lowler v. Commissioner, 78 Fed. (2d) 557, affirming on this point 29 B. T. A. 227; Nuckolls v. United States, 76 Fed. (2d) 357; Provident Trust Co. of Philadelphia, Executor v. Helvering, 76 Fed. (2d) 810, affirming 29 B. T. A. 374. Under authority of these cases the issue stated above is decided for the respondent.
In the petitioner’s brief, contention is made that the transactions disposing of the Toberman-Hay Canyon property and the La Cres-centa Canada property were not sales but options to purchase under *144 subdividing agreements. As a basis for this contention the petitioner relies on the declarations of trust execute^ by the Title Insurance & Trust Co. in respect of the two propertiés.
This contention does not come within any of the issues raised by the petition and is not supported by the facts disclosed by the record. In the petition it is alleged that the sales of the properties in question were made in 1923 and 1924, and the taxpayer elected to report the income therefrom on an installment basis, and that the deficiency herein resulted from the inclusion in income by the respondent of unreported profits on installment obligations transmitted by the death of the taxpayer. In short, the petition alleges sales of the properties on an installment basis and contains no allegation whatever raising an issue that the contracts covering the disposition of the Toberman-Hay Canyon property and the La Crescenta Canada property were option contracts rather than agreements of sale.
Certain provisions of the trust instruments closely resemble the provisions contained in the instrument considered in Lawler v. Commissioner, supra, which was held to be an option agreement rather than a contract of sale. In this case, however, it is to be noted that the instrument relied on is not an agreement between the parties at all, but is a declaration of trust executed by the Title Insurance & Trust Co. on March 20, 1923, for the benefit of Toberman and to secure payment of the debt owing to Mira Hershey. Further, it is stipulated here that on or prior to March 20, 1923, the date of the declaration of trust, Mira Hershey entered into an agreement of sale with one C. E. Toberman, whereby she agreed to sell Toberman the property here referred to as the Toberman-Hay Canyon property and there is nothing whatever in the trust instrument that in any way negatives the stipulated fact that an agreement of sale was entered into between Mira Hershey and C. E. Toberman on or prior to the date of the declaration of trust. In this respect the facts with reference to the La Crescenta Canada property are the same. It is thus apparent that regardless of the fact that no issue was made that the agreements in respect of the two properties were option agreements rather than sales, the facts in the record would not support such an issue if it had been raised.
Long after the filing of the brief herein and subsequent to the decision of the Circuit Court of Appeals for the Ninth Circuit in Lawler v. Commissioner, supra, the petitioner filed a motion to restore this proceeding to the trial calendar for the purpose of presenting proof to show that the transactions mentioned were option transactions and not sales. After hearing on the motion and consideration of the arguments advanced, the'motion was denied for the reason that it was not timely and sought to present proof outside of *145 the issues contained in the petition, which had never been amended and in respect of which no motion to amend has at any time been made.
Consideration will not be given to issues not raised by the pleadings. Ned Wayburn, 32 B. T. A. 813; Coosa Land Co., 29 B. T. A. 389; Hanby v. Commissioner, 67 Fed. (2d) 125; Boggs & Buhl, Inc. v. Commissioner, 34 Fed. (2d) 859; Popular Price Tailoring Co. v. Commissioner, 33 Fed. (2d) 464; North American Coal Corporation, 28 B. T. A. 807, 831; Gould-Mersereau Co., 21 B. T. A. 1316, 1323.

Decision will be entered for the respondent.