THE JOHN GERBER COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 101605. Promulgated April 1, 1941.

*W. G. Boone, Esq.*, for the petitioner.
*Frank M. Thompson, Esq.*, for the respondent.

OPINION.

ARNOLD: The Commissioner determined a deficiency in income tax for the fiscal year ended January. 31, 1937, in the amount of $3,653.89. In determining the taxable net income of petitioner the Commissioner made several adjustments, which resulted in an increase of net income from $69,075.64 to $74,015.46. These adjustments are not in dispute. In his computation of surtax on undistributed profits the Commissioner disallowed $19,009.92 of a claimed dividend paid credit under the provisions of section 27 (a) and (g) of the Revenue Act of 1936.[1] The petitioner alleges error in this respect. It also claims overpayment of tax in the amount of $831.24. The facts were stipulated and are found as stipulated. A summary thereof is as follows:

The petitioner has been a Tennessee corporation since September 19, 1893, and is now operating a department store in Memphis, Tennessee. Its capital consists of 200 shares of the par value of $100 a share, which were owned during the taxable year by the following, all residents of Memphis:

| | | | |
|---|---|---|---|
| Mrs. C. A. Gerber | 70 | G. A. Lawo | 12 |
| F. G. Beurer | 60 | Elsa Gerber | 10 |
| P. A. McPhillips | 36 | | |
| Wm. Moriarity | 12 | Total | 200 |

All of the stockholders, excepting Elsa Gerber, were directors of petitioner. None of the stockholders was related to any other by blood or marriage, except that Elsa Gerber was the sister-in-law of Mrs. C. A. Gerber. All of the stockholders excepting Mrs. C. A.

---

[1] SEC. 27. CORPORATION CREDIT FOR DIVIDENDS PAID.

(a) DIVIDENDS PAID CREDIT IN GENERAL.—For the purposes of this title, the dividends paid credit shall be the amount of dividends paid during the taxable year.

\* \* \* \* \* \* \*

(g) PREFERENTIAL DIVIDENDS.—No dividends paid credit shall be allowed with respect to any distribution unless the distribution is pro rata, equal in amount, and with no preference to any share of stock as compared with other shares of the same class.

Gerber and Elsa Gerber were employees of the petitioner in various capacities. Because of the long association of the stockholders with petitioner and each other, the business of petitioner was conducted very much in the same manner as if they were members of a family group.

The books of account of petitioner were kept on the accrual basis and its fiscal year extended from February 1 to January 31.

At a special meeting of its directors held on January 31, 1936, at 4 p. m., at which all directors were present, a dividend of $125 per share was declared, it being resolved that "as customary * * * the dividend payment be applied on the account of any stockholder indebted to the Company." The meeting adjourned at 6 p. m.

The petitioner on that date had a cash balance of $245,144.74 and could have paid the dividend declared of $25,000. However, it had been a long established custom to credit its stockholders' accounts with dividends declared and to permit them to withdraw the dividends so credited at their pleasure, without restriction, except in those instances where a stockholder was indebted to petitioner in excess of the dividend credit. In such instance the dividend credit liquidated the indebtedness to the extent of the amount of the dividend credit.

Two accounts were carried on the books of petitioner for each stockholder, one in the general ledger in which loans, advances or withdrawals, and dividends declared were recorded and the other in the customers' ledger, in which purchases of merchandise from petitioner by the stockholders were recorded as in the case of any of petitioner's merchandise purchasers. On January 31, 1936, the only debit balances in the stockholders' customer accounts were as follows: Mrs. C. A. Gerber, $1.20; Elsa Gerber, $231.12; and P. A. McPhillips, $1,990.08.

An entry was made on petitioner's journal under date of January 31, 1936, debiting surplus account with $25,000 and crediting the general ledger account of each stockholder with the amount of dividend to which he or she was entitled. This entry was not physically recorded on January 31, 1936, but was made after that date in the regular course of operating petitioner's bookkeeping and accounting department.

After such entry had been posted to the stockholders' general ledger accounts, such accounts reflected the following debit balances and dividend credits. The following schedule also shows withdrawals later made by the stockholders against the dividend credits:

| Stockholders | Debit balance as of Jan. 31, 1936 | Dividend credit | Dividend withdrawals in cash during July 1936 |
|---|---|---|---|
| Mrs. C. A. Gerber | $1,000.00 | $8,750 | $7,750 |
| F. G. Beurer | | 7,500 | 7,500 |
| P. A. McPhillips | | 4,500 | 4,500 |
| Wm. Moriarity | 6,634.81 | 1,500 | |
| G. A. Lawo | 3,680.66 | 1,500 | |
| Elsa Gerber | | 1,250 | 1,250 |
| Total | | 25,000 | 21,000 |

In its Federal income tax return for the year ended January 31, 1937, petitioner claimed a dividend paid credit in the amount of $19,009.92 on account of the dividend of $25,000 declared January 31, 1936. The accountant who prepared the return was of the opinion that the remainder of $5,990.08 ($25,000–$19,009.02) was not applicable to the fiscal year ended January 31, 1937, because of certain stockholders' debit balances on January 31, 1936. The amount of $5,990.08 is composed of the credits to stockholders' accounts which the accountant deemed to have been applied to debit balances as of January 31, 1936, as follows:

| General ledger account | Customers' account | Credit |
|---|---|---|
| Mrs. C. A. Gerber | | $1,000.00 |
| G. A. Lawo | | 1,500.00 |
| Wm. Moriarity | | 1,500.00 |
| | P. A. McPhillips | 1,990.08 |
| Total | | 5,990.08 |

No part of the dividend declared January 31, 1936, to which McPhillips was entitled was in fact credited to his customers' ledger account. He paid that account in cash in the amount of $1,990.08 on July 10, 1936.

On January 30, 1937, a dividend of $30,000 was declared. Of this amount $26,400 was paid by the delivery to stockholders of notes of petitioner dated January 30, 1937, payable June 30, 1937, with interest at 2 percent per annum and $3,600 was credited to two stockholders having debit balances. Contrary to its regular course of accounting procedure, these dividend credits to the stockholders' accounts were actually entered on the journal and ledger on January 31, 1937, at the instigation of petitioner's counsel, who had impressed upon petitioner's secretary the necessity of the actual physical entry of the dividend prior to the end of the fiscal year in order to avoid any contention by the Bureau of Internal Revenue

that the credits did not represent payments of dividends during the fiscal year ended January 31, 1937. The petitioner, in addition to the above dividend credit of $19,009.92, also claimed a dividend paid credit of $30,000, or a total of $49,009.92. The respondent allowed a credit of $30,000 but disallowed the remainder of $19,009.92.

The only issue presented by the pleading is whether the petitioner is entitled to a dividend paid credit in the amount of $25,000. Although the petitioner in its return claimed a credit of only $19,009.92, it now claims that it was entitled to a credit of the entire dividend, the amount of $5,990.08 having been omitted through error.

The statute allows a credit for "dividends paid during the taxable year." The dividend of $25,000 was declared on January 31, 1936, the last day of the year prior to the taxable year involved herein. Such dividend was not paid to the stockholders on that date by checks, cash, or other property of the petitioner.

The respondent contends that the crediting of the dividend to the accounts of the stockholders on the books of the petitioner constituted payment of the dividend within the fiscal year ended January 31, 1936. This contention is predicated on the assumption that the credits were made on January 31, 1936. However, it appears that, although the entries reflecting the declaration of the dividend were dated January 31, 1936, such entries were actually made after January 31, 1936, and in the fiscal year ended January 31, 1937. Book entries are merely evidentiary. What was actually done is controlling.

The liability of a corporation arising from the declaration of dividends and the resultant accrual of the stockholders' rights to such dividends do not constitute dividends paid within the purview of section 27. The test of payment is whether "the [stockholders'] right has so matured as to subject the dividend credited on the corporation's books to the complete control of the stockholders and thereby remove it from the control of the corporation." *Cox Motor Sales Co.*, 42 B. T. A. 192. In *Atlantic Land Co.*, 43 B. T. A. 74, we held that credits to stockholders of dividends declared, without restriction as to withdrawal, so that no check of the corporation was necessary, constituted dividends "paid during the taxable year." Here credits without restriction as to withdrawal were not made on January 31, 1936, but were actually made in the year ended January 31, 1937. The meeting at which the dividend was declared did not adjourn until 6 p. m. and nothing was done at the meeting or thereafter on that day, which was the last day of the fiscal year, except to declare the dividend. The dividend was credited to each stockholder's account after the expiration of the fiscal year ended January 31, 1936, and in the

fiscal year ended January 31, 1937, the year before us. Not until the dividend was credited to the accounts of the stockholders was the amount credited available to each stockholder without restriction or further check. Petitioner did not lose control and dominion of the dividend funds until after the close of the fiscal year ended January 31, 1936. Three of the stockholders (Mrs. C. A. Gerber, $1,000; Wm. Moriarity, $1,500; and G. A. Lawo, $1,500) received payment in effect on the day the dividend credits were actually made, as the credits extinguished their indebtedness to the petitioner to the extent of $4,000. The balance of $21,000 was then withdrawable at the pleasure of the stockholders and was all withdrawn during July 1936 and within the taxable fiscal year. It is our conclusion that the dividend of $25,000 declared on January 31, 1936, was paid in the taxable year ended January 31, 1937, within the meaning of the statute.

It is our conclusion also that the dividend distribution was "pro rata, equal in amount, and with no preference to any share of stock as compared with other shares of the same class." Sec. 27 (g), quoted *supra*. See *Elmore Milling Co.*, 42 B. T. A. 1410. *Black Motor Co.*, 41 B. T. A. 300, cited by the respondent, is distinguishable on the facts. Therein the majority stockholders received the dividend in full during the taxable year, whereas the minority stockholders received only 50 or 25 percent of their dividends. Herein each and every stockholder received $125 a share within the taxable year. Payment was not delayed as to any of the stockholders until funds should become available or to serve any purpose or convenience of petitioner. All the stockholders were treated alike. The fact that a part of the dividend was offset against indebtedness of certain stockholders, constituting payment to them as of the time of the dividend credit, and that the balance of the dividend was not withdrawn by stockholders until July 1936, is immaterial in view of the circumstance that at the time the credit was made the dividend was immediately available to all the stockholders. See *Valley Lumber Co. of Lodi*, 43 B. T. A. 423.

On brief the respondent for the first time claimed that his allowance of a credit for the dividend of $30,000 declared on January 30, 1937, was erroneous and therein made claim for an increased deficiency, the correct amount thereof to be furnished after promulgation of the Board's opinion herein and upon recomputation under Rule 50. A presentation and assertion of a claim for increased deficiency in this manner is improper. It is well established that issues not raised by the pleadings will be disregarded and not considered. See *Warner G. Baird*, 42 B. T. A. 970, 975; *Mason L. Dean*, 35 B. T. A. 839; affd., 102 Fed. (2d) 699; *Drawoh, Inc.*, 28 B. T. A.

666; *Cascade Milling & Elevator Co.*, 25 B. T. A. 946; *Nora M. Carney*, 22 B. T. A. 721; *Commissioner* v. *Sussman*, 102 Fed. (2d) 919; *Moise* v. *Burnet*, 52 Fed. (2d) 1071; sec. 272 (e), Revenue Act of 1936.

Reviewed by the Board.

*Decision will be entered under Rule 50.*