WILLIAM E. BOEING, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 94779, 95704.   [Entered March 9, 1942.]

OPINION.

STERNHAGEN: This is a motion of the respondent for leave to file an amended answer.   The substantive law of the case is now settled. The Circuit Court of Appeals for the Ninth Circuit has decided that, although the number of $5,000 exclusions, if any were allowable, is governed by the number of beneficiaries and not by the number of trusts, none whatever is allowable to this petitioner because the gifts were of future interests, *Boeing* v. *Commissioner*, 123 Fed. (2d) 86.

The petitioner took two exclusions, the Commissioner disallowed one and determined the deficiency on that ground, the taxpayer contested the disallowance in his petition to the Board and the Commissioner took issue on this point of law.   The case was presented in October 1939, and both parties orally stated in open hearing that the issue as to whether the number of exclusions was governed by the number of beneficiaries was the only issue and that the deficiency depended on that alone.   Briefs were filed on that issue.   No suggestion was made at any time that because the gifts in question were of future interests no exclusions whatever were allowable, although that proposition was within the field of the respondent's knowledge and was adumbrated in his brief by his reference to *Commissioner* v. *Wells*, 88 Fed. (2d) 339.

The Board decided the issue pleaded and reversed the Commissioner's determination, entering a decision of no deficiency.   No claim for an increased deficiency was made at or before the hearing and no motion was made for leave to amend the answer to make such a claim. No motion was made for a rehearing on any ground, although by the Board's Rule 19 such a motion was available.   A petition for review was filed in the Circuit Court of Appeals for the Ninth Circuit and the future interest question was raised.   The Court, on that ground, reversed the opinion and remanded the cause for further proceedings in harmony with the opinion, expressly stating that opportunity should be given the petitioner to present evidence on the future interest issue if he so desired.   The Court also stated that it was not considering or deciding whether a decision should be entered for an increased deficiency "since no assertion of an additional de-

ficiency has yet been made by the Commissioner in conformity with the statute."

The mandate was filed in the Board November 29, 1941, and the Board, on December 3, 1941, ordered "that the parties submit forthwith either their agreed final decision or their several memoranda in respect of the final decision to be entered." The respondent, on December 11, 1941, filed a motion (1) to vacate and set aside the Board's report of February 1, 1940, (2) to permit him to file an amended answer claiming an increase in the deficiency, and (3) to grant the petitioner opportunity to present further evidence if desired. The petitioner, on January 20, 1942, filed objection to the motion in which he stated that he did not desire to present evidence on the future interest issue, and asked for argument or an opportunity to file a brief. Briefs were ordered and have now been filed.

Section 1012 (e), Internal Revenue Code, which dates back to the Revenue Act of 1932, section 513 (e), and is similar to the Revenue Act of 1926, section 274 (e), relating to income taxes, provides:

(e). INCREASE OF DEFICIENCY AFTER NOTICE MAILED.—The Board shall have jurisdiction to redetermine the correct amount of the deficiency even if the amount so redetermined is greater than the amount of the deficiency, notice of which has been mailed to the taxpayer, and to determine whether any penalty, additional amount or addition to the tax should be assessed—if claim therefor is asserted by the Commissioner at or before the hearing or a rehearing.

In *Moise* v. *Burnet*, 52 Fed. (2d) 1071, this provision of the 1926 Act was considered by the Circuit Court of Appeals for the Ninth Circuit. The Commissioner in the answer had alleged an error in the determination of the deficiency, the plain effect of which was that the deficiency determined was too small. The Board held that by necessary implication the answer must be read as the assertion of a claim for increased deficiency, and determined an increased deficiency. The Court reversed, saying (p. 1073):

The Commissioner did not properly "assert" "claims" for additional deficiencies, in the amended answers filed by him before the Board. The rule that tax statutes should be liberally construed in favor of the taxpayer clearly requires that a claim should be actually and definitely made, and not left to conjecture, inference, or interpretation. No words of claim, request, or demand were used by the Commissioner. He must be bound by his pleadings, and cannot be assumed to have intended to present a claim that he did not actually assert.

In the present case the answer contained nothing which by its terms or by implication intimated an error in the deficiency determination or an assertion of claim for increased deficiency, and counsel expressly agreed at the hearing that the issue was as narrow as it was framed in the pleadings. The *Moise* decision therefore prohibits an increase

in the deficiency under the pleadings now on file. See also *Fifth Avenue Bank of New York, Executor*, 32 B. T. A. 701; affd., 84 Fed. (2d) 787; *John Gerber Co.*, 44 B. T. A. 26, 31; *Cascade Milling & Elevator Co.*, 25 B. T. A. 946. Cf. *Kottemann* v. *Commissioner*, 81 Fed. (2d) 621.

No claim was asserted by the respondent at or before the hearing. No motion was made for a rehearing and therefore no rehearing was had, so no claim was asserted at or before a rehearing. By Rule 19 a motion for rehearing must, except by special leave, be filed within thirty days, so the time for such a motion has expired. If the present motion of respondent be considered as a motion for rehearing, although it is not couched in those terms, it is plainly not a timely motion.

The present motion is for leave, after the mandate of the appellate court and more than two years after the hearing before the Board, to amend the answer to assert a claim for increased deficiency. If such leave may be granted, it would be in defiance of the statute which, while giving the Board jurisdiction to increase the deficiency, expressly imposes the condition that claim therefor shall be asserted at or before the hearing or a rehearing. Apparently it is thought that the condition may be disregarded when the claim for increased deficiency is founded upon an intervening decision. But this would be a constructive insertion in the statute of an exception and should be impelled by clear necessity. It would prevent finality of decision in many cases in which are lurking questions which have not been raised but are pending in other cases. It is trite to say that if, at this late stage of the proceeding, the respondent may amend the answer to raise such a question which has emerged from another case, the taxpayer in many cases can be expected to seek to amend the petition, with the resulting projection of the proceeding into new fields for an uncertain period. This is no more permissible on one side than the other, and we think it should be prevented before it gets a start.

There is no need to be concerned now by cases in which the present question of procedure has not been raised.

The law of the case as laid down by the Circuit Court of Appeals for the Ninth Circuit is that the petitioner is entitled to no exclusions and the deficiency was therefore correctly determined, and decision of such deficiency will therefore be entered.

The respondent's motion for leave to claim an increased deficiency is denied.

Entered Mar. 9, 1942.