Emilie L. Heine v. Commissioner. Carl M. Jacobs v. Commissioner.
Heine v. Commissioner
Docket Nos. 107022, 107028.
United States Tax Court
1942 Tax Ct. Memo LEXIS 99; 1 T.C.M. (CCH) 51; November 6, 1942
*99 Murray M. Flack, Esq., for the petitioners. Melvin S. Huffaker, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion The respondent determined deficiencies in the income taxes of the petitioners as follows: Petitioner
Year
Amount
Mrs. Emilie L. Heine
1936
$1,309.93
Mrs. Emilie L. Heine
1937
1,159.08
Carl M. Jacobs
1935
151.90
Carl M. Jacobs
1936
1,507.93
Carl M. Jacobs
1937
1,965.73
The petitioner Carl M. Jacobs also claims a refund of $1,076.06 of his tax paid for the year 1935. The sole issue is whether or not the petitioners are entitled to amortization of a leasehold contract covering certain business properties. Findings of Fact The facts were stipulated and as so stipulated are adopted as our findings of fact. Insofar as they are material to the issue they are as follows: Both petitioners are individuals residing in or near Cincinnati, Ohio. They filed their income tax returns for the taxable years with the collector of internal revenue for the first district of Ohio. By an Indenture of Lease dated April 18, 1922, Katharine L. A. Woods, hereinafter called Mrs. Woods, leased to Joseph Sebel, the premises known as 410-412-414 *100 Main Street, Cincinnati, Ohio. The lease recited a cash payment of $10,000 and provided for an annual rental of $4,800 for a term of 20 years. The lease contained the usual provisions concerning maintenance, insurance, default, etc., and also a covenant that, at the expiration of the term, Mrs. Woods would convey the premises to the lessee subject to a possible party wall right, upon the payment of $80,000, provided written notice of the lessee's intention to purchase the premises be given not less than 30 days before the expiration of the term. On June 7, 1927, Sebel executed a written offer addressed to Harry Linch to sell the premises for $175,000. The offer contained the following words: I hereby offer to sell my property Nos. 410-412-414 Main Street, * * * for the sum of One Hundred and Seventy-Five Thousand ($175,000.00) Dollars on the following terms: A down payment of Fifty Thousand ($50.000.00) Dollars cash; balance lease with privilege of purchase at the end of fifteen (15) years; said balance of lease to be at six (6%) percent; payment of taxes, assessments and principal payments on said lease of Five Thousand ($5,000.00) annually for a period of nine (9) years. * * *101 * Linch assigned the offer to the petitioner Jacobs, who accepted it. On September 29, 1927, Sebel, by an "indenture of lease", granted and leased to Jacobs his leasehold estate with the privilege to purchase held by him under his lease agreement with Mrs. Woods. The terms were identical with those set forth in the offer. Jacobs agreed to pay for Sebel the yearly rental, taxes and insurance and agreed to pay Sebel $5,000 annually for nine years. The lessor also covenanted to "exercise the privilege of purchase contained in the lease from Katharine L. A. Woods to lessor" upon the payment of $80,000 to him by Jacobs subject however to the same written notice required in the Woods lease. The petitioner Jacobs paid to Sebel the $50,000 in cash and $5,000 each year from 1928 to 1933, inclusive, or a total of $80,000. On June 30, 1931, the petitioner Jacobs sold and transferred by bill of sale to the petitioner Mrs. Heine, one-fourth of his interest in the premises in issue, for $25,000 in cash. Since that date, she has continued to hold the one-fourth interest therein. For several years the Main Street property was operated at a loss to Jacobs. A controversy developed between Mrs. *102 Woods, owner of the fee, and Jacobs, relating to his liability to her for rental payments. As a result of this controversy and in order to protect any interest which Mrs. Heine may have had in the property, the petitioner Jacobs and the petitioner Heine caused The 410 Main Street Company to be organized in November 1933. Forty-eight out of 50 shares authorized were issued to Mrs. Heine for cash. By deed dated November 28, 1933, Jacobs sold and transferred the leasehold estate at that time held by him to The 410 Main Street Company in consideration of a demand note of the Company for $25,000 and the assumption by the company of the three $5,000 payments due to Sebel's assignee from the petitioner Jacobs. After the transfer to The 410 Main Street Company, the petitioner Jacobs refused to make further rental payments to Mrs. Woods on the ground that there was neither privity of contract nor of estate between them and that he was therefore not legally obligated to make such payments. Mrs. Woods threatened to file suit against Jacobs to recover the rental payments and the controversy was finally settled out of court by agreement between Jacobs and Mrs. Woods, dated January 16, 1935. By *103 the terms of that agreement the petitioner Jacobs covenanted to procure a reassignment to himself of the lease interest of The 410 Main Street Company and to pay a rental of $3,600 per year, and to perform the other terms of the original lease from Mrs. Woods to Sebel, and Mrs. Woods agreed to accept such lesser rental payments in full satisfaction of her claim against Jacobs and to reduce the privilege of purchase price contained in the original lease from $80,000 to $60,000. Such privilege was exercisable at any time. On February 4, 1935, Jacobs procured the reassignment of the lease to himself by surrendering to The 410 Main Street Company its $25,000 demand note and relieving the company from the obligation to make the remaining three payments of $5,000 each to Sebel's assignee. These three $5,000 payments were made by Jacobs, making a total of $95,000 paid by the petitioner Jacobs to Sebel and his assignee. The company had no assets other than the leasehold and during the period of its existence conducted no other business than managing the said premises. During 1935, 1936 and 1937, the operation of the properties resulted in net losses in the respective amounts of $1,668.39, *104 $1,722.99 and $1,222.67. In his return for the year 1935 the petitioner Jacobs deducted as depreciation on the property covered by the aforementioned instruments the sum of $723.35. On June 26, 1939, Jacobs filed a claim for refund in the sum of $1,076.06, claiming that it had been determined by the Board of Tax Appeals that his interest in the property was a leasehold interest and that he was therefore entitled to deduct on his 1935 return the sum of $6,363.63 as amortization of leasehold expense. On January 25, 1939, the Board of Tax Appeals, in a memorandum opinion in the case of Carl M. Jacobs (Docket No. 88614, held that the petitioner's transfer of his interest in the property to The 410 Main Street Corporation was a bona fide sale, and that the transaction was a closed transaction in 1933 which resulted in a deductible loss of $30,000. The petitioners, Jacobs and Heine continued to hold the leasehold and operate the properties until April 30, 1942. On that date the lease on the premises expired, at which time possession of the premises was surrendered to the lessor, without exercising the option to purchase. In his notice of deficiency in Docket No. 107022 (petitioner *105 Heine) the respondent stated: Since it has been determined that no portion of the consideration paid by you to Carl M. Jacobs for an undivided interest in a certain contract involving property located at 410 Main Street, Cincinnati, Ohio, is allocable to the leasehold element of the contract, the deduction of $2,272.72 claimed in your return for 1936 as amortization of leasehold, has been disallowed. In his notice of deficiency sent to petitioner Jacobs the respondent included a similar explanation relating to his acquisition of the interest of The 410 Main Street Company in the Company in the contract covering the property in issue. Opinion VAN FOSSAN, J.: The issue as drawn by the pleadings in these cases is whether or not the petitioners may deduct from their gross incomes amounts representing the amortization of a leasehold contract leasing real estate and improvements thereon, known as 410-412-414 Main Street, Cincinnati, Ohio. The petitioners contend that in 1931 the petitioner Heine paid $25,000 cash for her one-fourth interest in the leasehold and that in 1935 the petitioner Jacobs paid $40,000 in repurchasing the three-fourths interest therein owned by the Main Street *106 Company and sold to it by him in 1933, and that hence they are entitled to amortization of the sums so paid. The respondent argues that the leasehold contract was an indenture purporting to be a lease with the privilege of purchase but executed to carry into effect an offer by the petitioner Jacobs to purchase the "property" and that the primary transaction, that is the indenture of lease dated April 18, 1922, between Woods and Sebel, was in fact a sale of the property and not a lease thereof. In so far as the petitioner Jacobs is concerned the present case is but a continuation of Docket No. 88614 in which, by memorandum opinion, the Board of Tax Appeals held that the petitioner's transfer of his leasehold interest to the Main Street Company was a bona fide sale, constituted a closed and completed transaction and resulted in a deductible loss of $30,000. In that opinion the Board denominated the assigned asset of the petitioner "a leasehold interest" and referred to the lease as the "property sold." We reaffirm this phraseology and its imputation. The original lessee, Sebel, obtained from Mrs. Woods the right to use and enjoy the Main Street premises for a term of 20 years *107 at a fixed monthly rental, plus taxes and insurance. Upon his failure to pay rent promptly or the taxes and insurance when due, the lease would become void. The lessor agreed to convey the premises to the lessee upon the payment of $80,000, conditioned on the giving of a 30-day written notice of "the intention of the lessee to purchase said premises." The only property which Sebel owned and which he could assign was his right to rent the Main Street premises, coupled with the right to exercise the privilege of purchasing the property at the termination of the lease. The petitioner acquired those same rights in 1927 and sold a three-fourths interest in them in 1933 to the Main Street Company. The Board determined in the prior case that such sale was a closed transaction. In 1935 Jacobs repurchased the same asset, namely, the three-fourths interest in the leasehold estate from the Main Street Company, for $40,000, represented by the obligation to pay $15,000 in notes to Sebel's assignee (Jacobs later paid those notes) and the surrender of the $25,000 note of the Main Street Company acquired by him in his original sale to that company. The repurchase was a new and independent act, *108 wholly unrelated to the original transfer to the company and was predicated on events which occurred long after that sale. An amount paid to acquire a leasehold represents cost of the leasehold and is an exhaustible capital asset subject to amortization. Here Jacobs acquired such an asset in 1935 and is entitled to amortize the amount which he actually paid for the three-fourths interest in the leasehold. The petitioner Heine paid $25,000 in cash for her one-fourth interest in the leasehold contract. Her position was unchanged throughout all the period in question. Under the principles which govern the disposition of the same issue in the Jacobs case, we hold that she is entitled to amortize the sum so paid over the period extending from June 30, 1931, to the expiration of the lease. Respondent has attempted on brief to raise issues not within the pleadings in the cases. If he had confidence in such issues the proper procedure was to offer appropriate amendments to his answers. Consideration will not be given to issues not raised by the pleadings. Citizens National Trust & Savings Bank of Los Angeles, Executor, 34 B.T.A. 140; Warner G. Baird, et al., 42 B.T.A. 970; *109 William H. Joseph, et al., 43 B.T.A. 273. Decisions will be entered under Rule 50.