Rhodes-Jennings Furniture Co. v. Commissioner.
Rhodes-Jennings Furniture Co. v. Commissioner
Docket No. 13538.
United States Tax Court
1950 Tax Ct. Memo LEXIS 48; 9 T.C.M. (CCH) 1019; T.C.M. (RIA) 50280; November 9, 1950
*48 The petitioner in 1939 purchased for cash, at 75 per cent of their face value, accounts receivable of another firm which was discontinuing business. Certain of these accounts were collected in the following year, $5,328.60 of such collections constituting a gain representing the difference between the price paid and the amount collected. Held: that upon an accrual system of accounting no gain was realized or subject to accrual in 1939 upon the acquisition of the accounts, but such gain was realized upon their collection in the subsequent year. F. E. Hagler, Esq., 2804 Sterick Bldg., Memphis, Tenn., and Taylor Malone, Jr., Esq., for the petitioner. S. Earl Heilman, Esq., for the respondent. LEECH
Memorandum Findings of Fact and Opinion LEECH, Judge: By the petition, redetermination is sought of a deficiency of $3,719.42 in excess-profits tax determined by respondent for the calendar year 1940. By amended answer the respondent confesses error with respect to certain items of his original computation of the deficiency, and asserts that the *50 deficiency in question is in the sum of $1,925.58. This deficiency arises from the inclusion by respondent in excess-profits net income for 1940 of an item of $5,328.60, as gain represented in collections of $20,492.40 in 1940 of certain accounts receivable purchased for cash by petitioner in 1939 from another company which was discontinuing its business. The issue is whether the admitted gain of $5,328.60 represented income to petitioner in 1939, computed on an accrual basis, or income includable for the year 1940, when actually collected. Findings of Fact Petitioner is a corporation carrying on business at Memphis, Tennessee. It is engaged in the retail furniture business and has for many years made its sales and reported its income on the installment plan. Its returns for the calendar year 1940 were filed with the collector of internal revenue for the district of Tennessee. In 1939 petitioner purchased certain accounts receivable for cash at a cost of 75 per cent of their face value from Carroll's, Inc., another corporation which was discontinuing business. In 1940 petitioner made collections on these purchased accounts in the sum of $20,492.40 in cash and in repossessed *51 goods valued at $822. Of this amount petitioner included 25 per cent, or $5,328.60, in computing its ordinary income for income tax purposes on its return filed for 1940. Petitioner elected, under section 736 (a) of the Internal Revenue Code, to compute its income from installment sales for excessprofits tax purposes, on the accrual basis instead of the installment basis provided by section 44 (a). In computing its net income under its election, petitioner did not include the aforesaid sum of $5,328.60 collected upon the accounts receivable. Respondent did not include the item of $5,328.60 in income for 1940 in determining the original deficiency, but included it in excess-profits net income for 1940 in determining the reduced deficiency now asserted in the sum of $1,925.58. Opinion Petitioner in 1939 acquired for cash certain accounts receivable from another business. For these it paid 75 per cent of their face amount. In collections made by petitioner in the following year, 1940, upon these receivables, 25 per cent, or $5,328.60, of the amount collected represented gain. The only issue presented for our decision is whether upon an accrual system of accounting, *52 the gain represented in the accounts receivable constituted income accruable in 1939, when the accounts were purchased, or in the subsequent year when collected. In filing its excess-profits tax return for 1940, petitioner elected under section 736 (a) of the Internal Revenue Code to compute income on the accrual basis and did not include in such income the $5,328.60 above mentioned. It contends that as the assets represented by the accounts receivable purchased in the prior year were "rights to receive income," the gain represented therein was subject to accrual in that year and consequently could not be reflected in income of the subsequent year, 1940, in which the collections were made. Petitioner's theory overlooks entirely the fundamental that gain does not represent taxable income either upon the accrual, or cash, or installment basis until "realized" on sales or exchanges of property. The gain is then realized and must be then included under an accrual system of accounting even if the actual receipt of payment is postponed. This, however, was not the situation here. Petitioner in 1939 purchased these assets for cash. No gain or loss was "realized" *53 by this transaction. Realization of gain or loss would occur upon sale or disposition of the accounts receivable, or, as in the present case, the collection which occurred in the year 1940. The rule above set out is so fundamental and so well established by repeated decisions of the courts that petitioner's contention justifies little discussion. The Supreme Court, through Mr. Justice Stone, in Palmer v. Commissioner, 302 U.S. 63, thus stated the rule: "By sections 111, 112 and 113 of the Revenue Act of 1928 (26 U.S.C.A. §§ 111, 112 and notes, 113 note), profits derived from the purchase of property, as distinguished from exchanges of property, are ascertained and taxed as of the date of its sale or other disposition by the purchaser. Profit, if any, accrues to him only upon sale or disposition, and the taxable income is the difference between the amount thus realized and its cost, less allowed deductions. It follows that one does not subject himself to income tax by the mere purchase of property, even if at less than its true value, and that taxable gain does not accrue to him before he sells or otherwise disposes of it. Specific provisions *54 establishing this basis for the taxation of gains derived from purchased property were included in the 1916 and each subsequent revenue act and accompanying regulations." In Elverson Corp. v. Helvering, 122 Fed. (2d) 295, Judge Learned Hand very clearly stated the rule and analyzed the difference between a sale or exchange of property as effecting a realization of gain and the mere acquisition of property for cash at a price below its value. There he said: "* * * Whenever anyone surrenders a thing of value for another thing of value, the surrender will for tax purposes ordinarily close the transaction by which he acquired the thing surrendered, and normally he will 'realize' a gain or loss. For example, if he exchanges property for property, he will close the transaction by which he obtained the property which he transfers, and the 'amount realized' will be the market value of the property he receives. § 111 (b). But the transaction will still remain open as to the property which he receives for as long as he retains it. When one buys property for cash, it might have been argued that in theory he too 'realizes' a gain upon the cash if the property received has a *55 value greater than the cash; but that would have involved the premises that there had been an increase in the value of the cash, 'realized' by purchase, and that would have done great violence to our notions about money. Hence the doctrine that a cash purchase is always 'unrealized' gain. * * *" It is clear that petitioner "realized" no gain when it purchased for cash the accounts receivable in 1939 and, consequently, no part of the gain was in that year subject to accrual but was properly to be reflected in income for the year 1940, when the gain was realized through collection upon the accounts purchased. Petitioner appears to have, in its argument on brief, attempted to raise another issue not framed by the pleadings. This is that the income in question was abnormal, within the purview of section 721 (a) (1) of the Internal Revenue Code, and for that reason not includable in 1940 excess-profits net income. Since this issue was for the first time raised on brief, it can not be considered. John Gerber, 44 B.T.A. 26; Warner G. Baird, 42 B.T.A. 970; Drawoh, Inc., 28 B.T.A. 666; Commissioner v. Sussman, 102 Fed. (2d) 919. *56 Aside from this, however, it is noted that the record reflects no fact or circumstance indicating that the income in question is abnormal within the purview of section 721 (a) (1), supra. Decision will be entered of a deficiency in excess-profits tax of $1,925.58.