Harry Joseph Keefe v. Commissioner.
Keefe v. Commissioner
Docket No. 34060.
United States Tax Court
1953 Tax Ct. Memo LEXIS 98; 12 T.C.M. (CCH) 1133; T.C.M. (RIA) 53324; October 6, 1953
Thomas H. Alcock, Esq., 135 South La Salle Street, Chicago, Ill., for the petitioner. John E. Owens, Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion Respondent determined a deficiency in the income of petitioner for the calendar year 1947 in the amount of $785.43. The questions presented are: (1) Is the sum of $2,463.57, which the petitioner expended for meals and lodging in the year 1947, while in New York City, deductible as traveling expense under the provisions of Section 23 (a) (1) (A) of the Internal Revenue Code? (2) May petitioner raise on brief for the first time the issue of whether he is entitled to an exemption under Section 25 (b) (1) (B) (ii) of the Internal Revenue Code *99 , for 1947, for his wife? Other issues presented by the pleadings were waived by the petitioner. Findings of Fact A portion of the facts were stipulated and are adopted as part of our findings. Petitioner is a resident of Chicago, Illinois. He filed his income tax return for the year 1947 with the collector of internal revenue at Albany, New York. Petitioner was originally employed in 1943 as an industrial engineer with J. J. Plocar Company of Stamford, Connecticut (hereinafter referred to as "Plocar"). Plocar was engaged in furnishing management or industrial engineering services to business concerns, calculated to improve their procedures, efficiency, organization, and the like. Petitioner terminated his employment with Plocar on or about January 1, 1944, when he returned to Chicago. He resided in Chicago from that time until on or about April 1, 1946. During this latter period he lived at the home of his parents, being in miscellaneous positions in the Chicago area. On or about April 1, 1946, petitioner reentered the employ of Plocar and was assigned as an industrial engineer to their engineering job at Kenyon Transformer Corporation, 840 Barry Street, Bronx, New York *100 (hereinafter referred to as "Kenyon"). Plocar had sold this engineering efficiency job to Kenyon on the representation that it would be completed in three months, whereas, as of April 1, 1946, six months had already elapsed since it undertook the job. Plocar proposed to assign petitioner to the job in order to complete it within two months' time. He worked on the job for Plocar from April to December, 1946, inclusive. Kenyon became dissatisfied with its arrangement with Plocar and proposed that petitioner finish the job as its own employee. Petitioner discussed the matter with Plocar and, on January 1, 1947, by agreement between Plocar, petitioner and Kenyon, petitioner was transferred to Kenyon's payroll and Kenyon terminated all further monetary obligations to Plocar. Petitioner's understanding at that time was that when the Kenyon job was completed he would again return to Plocar. During the time he was employed by Kenyon he reported each day at its place of business, performed his duties there, and returned to the hotel where he resided. He was employed by Kenyon during the entire year of 1947, completed the job on April 1, 1948, and thereupon returned to Chicago. From April *101 1 to December 31, 1946, petitioner received from Plocar two checks each pay period, one of which was for his salary and the other, at the rate of $6.00 per day, for per diem expenses. After he transferred to the Kenyon payroll in January 1947, and became an employee of Kenyon, his checks from Plocar ceased and he received only one check each pay period from Kenyon. The amount received by petitioner from Kenyon each pay period was the same as he had theretofore received from Plocar for salary plus per diem expenses. While employed by Plocar on the Kenyon job, petitioner resided at the Tudor Hotel in New York City. During the period he was employed by Kenyon, from January 1, 1947, until April 1, 1948, he continued to reside at this hotel and his wife lived with him there after their marriage on July 12, 1947. They ate their breakfast in the hotel room and their other meals in restaurants. Petitioner did not attempt to obtain any permanent housing accommodations because "apartments were very, very rough" and he did not know when his employment with Kenyon would terminate. During the calendar year 1947 petitioner expended an aggregate amount of $2,463.57 for lodging and food while *102 living at the Tudor Hotel. In his income tax return for the year 1947 he claimed an exemption of $500 and $250 for his wife. The exemption claimed for his wife was disallowed by the respondent. The petitioner had no knowledge of any reportable income received by his wife during the year 1947 or that anyone other than he claimed her as a dependent for that year. When petitioner terminated his employment with Kenyon on April 1, 1948, he and his wife returned to Chicago where they set up housekeeping. He did not seek further employment from Plocar since he and his wife were tired of living in a hotel and wanted to stay in Chicago. Petitioner has never voted other than in Chicago, Illinois. He has maintained his sole savings accounts with Chicago, Illinois banks during the past 10 years and is presently, and during 1947, was, the owner of an Illinois driver's license. He did not have a New York driver's license during 1947. Petitioner filed all income tax returns prior and subsequent to 1947 with the collector of internal revenue for the first district of Chicago, Illinois. On his 1947 Federal income tax return, the petitioner claimed deductions as follows: Sales taxes and tax on admissions
$ 70.00
Four trips to Chicago, Ill
324.22
Living expenses - while living in
New York - home in Chicago, Ill.
2,463.57
*103 The Commissioner disallowed $50 of taxes, and of the amounts claimed for trips to Chicago and living expenses while in New York. The amount which petitioner expended for living expenses during the year 1947 was not incurred while traveling away from home in pursuit of his trade or business or that of Kenyon. Opinion RAUM, Judge: The first issue relates to the propriety of the respondent's disallowance of the deduction by petitioner in his income tax return of the cost of board and lodging in New York City during 1947. Section 24 (a) (1) of the Internal Revenue Code provides in part as follows: "(a) General Rule. - In computing net income no deduction shall in any case be allowed in respect of - "(1) Personal, living, or family expenses, except extraordinary medical expenses deductible under section 23 (x);" Section 23 (a) (1) (A) of the Code provides that in computing net income there shall be allowed as deductions "traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade of business." The petitioner contends that his living expenses in New York City during 1947 qualify as *104 traveling expenses under Section 23 (a) (1) (A). He urges that they are similar to those allowed in such cases as E. G. Leach, 12 T.C. 20; Harry F. Schurer, 3 T.C. 544; Chester D. Greisemer, 10 B.T.A. 386; and Coburn v. Commissioner, 138 Fed. (2d) 763 (C.A. 2). These cases, with the exception of E. G. Leach, supra, were decided prior to Commissioner v. Flowers, 326 U.S. 465. Although they are not in conflict with the Flowers case in so far as they hold that a taxpayer may deduct expenditures for meals and lodging while away from home carrying on his business or that of his employer for a period obviously temporary in that its termination within a short time could be foreseen, that is not the situation here. At the time the petitioner became an employee of Kenyon on January 1, 1947, he was residing at the Tudor Hotel in New York City. Kenyon's place of business was also located in that city. The petitioner did not, therefore, do any traveling to become an employee of Kenyon. Neither did the services he performed for it require him to do any traveling to advance its interests, and he did no traveling in pursuit *105 of its trade or business. He worked for Kenyon during the entire year 1947 in New York City and lived there in the hotel. There is no evidence indicating that he maintained a home or contributed to the maintenance of any home outside of New York City. His home and post of duty were in that city. The fact that he may have been in a "travel status" while in the employ of Plocar in a prior year is not controlling. His right to a deduction under Section 23 (a) (1) (A), for amounts expended for board and lodging during 1947, depends upon whether or not such amounts were expended while traveling away from home in pursuit of a trade or business in that year. He has not proved that they were. On the contrary, the evidence shows that he was working full time for Kenyon at its principal place of business. Cf. Commissioner v. Flowers, supra. In his income tax return for 1947 the petitioner claimed an exemption of $250 for his wife, which was disallowed by the respondent. In his petition, the petitioner alleged no error with respect to this disallowance. On brief the petitioner urges that he should be allowed an additional exemption of $500 for his wife. Rule 7 of this Court's *106 Rules of Practice requires a taxpayer in his petition to make clear and concise assignments of each and every error committed by the Commissioner in the determination of the beneficiency. Issues must be raised by the pleadings, and when not mentioned therein they will be disregarded and not considered. Mutual Lumber Co., 16 T.C. 370, 371; Sangston Hettler, 16 T.C. 528, 535; Carroll Furniture Co., 15 T.C. 943, 945, affirmed on other grounds 197 Fed. (2d) 718 (C.A. 5); John Gerber Co., 44 B.T.A. 26, 31; Producers Oil Corporation, 43 B.T.A. 9, 10; Citizens Nat. Trust & Savings Bank of Los Angeles, 34 B.T.A. 140, 145; Coosa Land Co., 29 B.T.A. 389, 394; Jean Conrad, 27 B.T.A. 741, 743; Gould-Merserau Co., Inc., 21 B.T.A. 1316, 1323; H.D. & J.K. Crosswell, Inc., 6 B.T.A. 1315. Decision will be entered for the respondent.