George Daniels and Isabelle Daniels v. Commissioner.
Daniels v. Commissioner
Docket No. 58112.
United States Tax Court
T.C. Memo 1957-209; 1957 Tax Ct. Memo LEXIS 45; 16 T.C.M. (CCH) 944; T.C.M. (RIA) 57209; October 31, 1957
*45 Morris M. Grupp, Esq., Mills Tower Building, San Francisco, Calif., and Leon Schiller, Esq., for the petitioners. Leslie T. Jones, Jr., Esq., for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: The respondent determined a deficiency of $118.73 in the petitioners' income tax for 1951. Issues presented by the pleadings are the correctness of the respondent's action (1) in disallowing a deduction of $83 for automobile casualty insurance, and (2) in disallowing a deduction for $499 for depreciation of automobiles. Findings of Fact The petitioners are and during 1951 were husband and wife with residence at Mendocino, California. They have three children. The petitioners filed their joint Federal income tax return for 1951 with the collector for the first district of California. Since petitioner Isabelle Daniels is joined here only by virtue of such joint return, the term "petitioner" will hereinafter be used with reference to George Daniels. Throughout 1951 the petitioner was employed as "pond foreman" by Caspar Lumber Company at its lumber mill at Caspar, California, where he regularly worked 6 days a week. On some occasions the petitioner *46 was required to be at work prior to or by 6 o'clock in the morning. Also on some occasions he was required to work until dark. Caspar is 6 miles from Mendocino where petitioners lived in a home of their own. Mendocino and Caspar are and during 1951 were connected by a paved public road. At the beginning of 1951 the petitioner owned a 1946 model Nash automobile which he had acquired in 1949 or 1950 at a price of $1,500 or $1,600. The petitioner continued to own that automobile until December 1951 when he disposed of it in connection with the acquisition of a 1949 model Plymouth Suburban station wagon at a price of around $1,500 or $1,600. During the time he owned the Nash automobile in 1951 and thereafter during the remainder of the year when he owned the Plymouth automobile, the petitioner used the automobiles to travel or commute between his home in Mendocino and the place of his employment at Caspar. In addition to such use of the automobiles by the petitioner, they also, for about 50 per cent of the days the petitioner worked, were used by his wife to go to Fort Bragg, California, for medical treatment or to get medicine. During 1951 the petitioner's employer did not provide *47 him with transportation between his home and the place of his employment. No public transportation between Mendocino and Caspar was available. No living accommodations for the petitioner and his family were available at Caspar. The petitioner was not required by the terms of his employment to have an automobile. In the schedule of their return for deducting "Losses from fire, storm, or other casualty, or theft" the petitioners deducted $83 which was explained as "Casualty Insurance" and which represented the amount paid as premiums by petitioner in 1951 for casualty insurance on the Nash and Plymouth automobiles the petitioner owned during that year. In the schedule of their return for deducting "Miscellaneous" the petitioners deducted $499 which was explained as "Depreciation" and represented the total of the amounts of $452 and $47 computed by petitioner as the depreciation of the Nash and Plymouth automobiles, respectively, during the time he owned them in 1951. In determining the deficiency here involved the respondent determined that the deductions taken for automobile casualty insurance and depreciation of the automobiles represented personal expenses and accordingly disallowed *48 them. Opinion In their petition and on original brief the petitioners take the position that in the situation here presented it was necessary for petitioner George Daniels to use automotive equipment to travel between his home in Mendocino and Caspar where he was employed; that the use for such purpose of the Nash and Plymouth automobiles constituted their use in his business or trade; and caused all of the depreciation of and all of the cost of the casualty insurance on the automobiles to be deductible as ordinary and necessary business expense. In their reply brief the petitioners take the position that one-half of the use of the automobiles was for petitioner's travel between his home and his place of employment and the other half was for the travel of petitioner's wife to Fort Bragg to obtain medical treatment and to get medicine. Accordingly, they contend that one-half of the depreciation and one-half of the casualty insurance were deductible as a business expense and that the other one-half of those items was deductible as a medical expense. In Charles Crowther, 28 T.C. - (September 30, 1957), we considered the question of whether automobile expenses incurred by the taxpayer *49 in traveling or commuting between his home and his place of employment were deductible as business expense. We there concluded that such expenses were personal expenses and were not deductible as business expenses. There, as here, the taxpayer's employer did not provide him with transportation between his home and the place of his employment. Public transportation between his home and his place of employment was not available. Nor were living accommodations for the taxpayer and his family available at or near the place of his employment. We think our holding in the Crowther case is applicable here and accordingly conclude that no part of the deductions taken for depreciation of and cost of casualty insurance on the Nash and Plymouth automobiles was deductible as business expense. The pleadings do not present any issue relating to the allowance to which the petitioners were entitled for 1951 for medical expenses. In John Gerber Co., 44 B.T.A. 26, 31, it was said: "It is well established that issues not raised by the pleadings will be disregarded and not considered." Accordingly, we make no determination respecting the contention of the petitioners presented on reply brief *50 that one-half of the depreciation of the automobiles and one-half of the cost of the casualty insurance were deductible by them as medical expenses. In their petition the petitioners have assigned certain errors and made certain allegations of fact, all of which the respondent has denied in his answer, and on brief have advanced certain contentions challenging the propriety of the administrative policy and procedures employed by the respondent prior to his determination of the deficiency here involved and challenging the propriety of his motives in making such determination. We have jurisdiction to consider and determine, and have considered and determined in the light of the evidence of record, the correctness of the respondent's determination of the deficiency here involved. However, we are without jurisdiction to consider and determine the propriety of the administrative policy and procedures the respondent employed prior to making such determination or to consider and determine the propriety of his motives in making such determination. Charles Crowther, supra. Decision will be entered for the respondent.