CHESTER D. GRIESEMER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10827. Promulgated January 30, 1928.

*Lawrence Mattingly, Esq.*, for the petitioner.
*D. D. Shepard, Esq.*, for the respondent.

388

OPINION.

MORRIS: The first allegation of error urged by the petitioner is with respect to the disallowance of certain expenses incurred while absent from his regularly established home on business. The petitioner contends that the reasonable and necessary living expenses incurred by him in an amount in excess of that ordinarily required when at home is a business expense and therefore deductible under the provisions of section 214 (a) (1) of the Revenue Act of 1918. The respondent, on the other hand, contends that the amounts claimed as deductions are of a personal nature and are therefore excluded from the computation of taxable income by section 215 of the Revenue Act aforesaid. Section 214 (a) (1) of the Revenue Act of 1918 provides:

(a) That in computing net income there shall be allowed as deductions:

(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal. services actually rendered, * * *.

Section 215 relied upon by the respondent provides in part:

That in computing net income no deduction shall in any case be allowed in respect of—

(a) Personal, living, or family expenses; * * *.

The evidence shows that the petitioner was assistant treasurer of a New York corporation and that he was later made European manager; that he was required by his employer to make a trip to Europe in 1918, at which time it was understood that his trip

would be brief, but owing to difficulties which later arose he was compelled to remain in France, where he made his headquarters.

The petitioner received salaries of $9,000 in 1918, and $6,600 in 1919 from the New York office. He also received $3,000 in 1918 and $5,500 in 1919 from the French company in lieu of expenses, which amounts were reported in his income-tax returns in this country for those years. During the three years of the petitioner's stay in France, he maintained a home in the United States in which he supported his mother and sister. At the same time, petitioner was compelled, because of his extended sojourn in France, to live at a hotel and later provided·himself with an apartment and servant, the rent for which in 1918 was f6,600; for 1919, f9,800; and for 1920, f17,500. While the petitioner contends that further expenses were incurred by him of this nature, we find no proof of the amounts in the record substantiating such contention. Therefore, the only question presented for our consideration is whether the amounts aforesaid, which the petitioner paid for rent, constitute deductible expenses within the meaning of the Act.

We are convinced that the terms " personal, living, or family expenses " referred to in section 215, *supra*, were intended by the Congress to be applied in the ordinarily accepted sense of those words and not in the broad and sweeping sense in which the respondent is seeking to apply them. Simply because the amounts in question happen to be " living " expenses in a strict sense does not prevent them from being deductible if they are ordinary and necessary and are shown to have been incurred in carrying on his trade or business and are clearly in addition to his living expenses at the usual place of abode which he maintains for his mother and sister. The Congress undoubtedly intended that the taxpayer's personal expenditures in maintaining his usual place of abode should not be deducted, but that all expenditures made by the taxpayer in addition to those amounts if incurred in carrying on a trade or business should be deducted in determining net income.

We are satisfied from the evidence that the amounts, namely, 6,600 francs, 9,800 francs and 17,500 francs paid by the petitioner for rent while abroad are reasonable and clearly in addition to his personal, living, or family expenses and that they should be allowed as a deduction in the years in which paid. See *Emil B. Meyrowitz*, 3 B. T. A. 1327.

Since no evidence has been offered as to the actual dates on which payments of these sums were made or as to the current rate of exchange prevailing at the time of such payments, we hold that these sums should be allowed as deductions and the amounts to be deducted determined by taking the lowest rate of exchange for each

of the years 1918, 1919, and 1920 for the purpose of converting francs into United States currency.

The second allegation of error urged by the petitioner is with respect to the action of the respondent in disallowing as a credit certain taxes paid to the Republic of France. Section 222 of the Revenue Act of 1918 provides in part as follows:

(a) That the tax computed under Part II of this title shall be credited with:

(1) In the case of a citizen of the United States, the amount of any income, war-profits and excess-profits taxes paid during the taxable year to any foreign country, upon income derived from sources therein, or to any possession of the United States; * * *

Income taxes levied by the French Government during the years in question are allowable credits within the meaning of section 222 of the Revenue Act of 1918 provided, of course, that section has been fully complied with. *Herbert Ide Keen*, 6 B. T. A. 275. The taxes asserted against the petitioner by the French Government for the years 1918, 1919, and 1920 were on income and other miscellaneous properties. The total amount of income taxes assessed were f6,791.51. The petitioner compromised the taxes originally assessed and finally paid income taxes of f2,989.61 in March, 1922.

No evidence has been offered by the petitioner to show that his books were kept on any other than a cash receipts and disbursements basis, in fact his counsel expressly states that the petitioner makes no contention that he is on anything other than the cash receipts and disbursements basis.

Therefore, in view of the fact that the taxes in question were not paid by the petitioner to the French Government until March, 1922, and finding, as we must, that the books and records of the petitioner were kept on the cash receipts and disbursements basis, the petitioner is not entitled to the credit claimed until those taxes have actually been paid. *Albert D. Hewinson*, 1 B. T. A. 1080.

*Judgment will be entered on 15 days' notice, under Rule 50.*