JAMES R. HATMAKER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 22016.   Promulgated March 22, 1929.

*James R. Hatmaker* pro se.
*A. H. Murray, Esq.,* for the respondent.

OPINION.

LANSDON: The respondent asserts a deficiency in income tax for the year 1922 in the amount of $553.40. The facts are not in dispute. In the year 1923 the petitioner, an American residing at that time in France, paid the government of the French Republic the amount of $553.40 as a tax imposed and computed in conformity with article 11, section 2 of the Act of the French Republic, dated July 15, 1914, which reads as follows:

En ce que concerne les personnes non domicilées en France, mais y possédant une ou plusieurs résidences, le revenu imposable est fixé à une somme égale à sept fois la valeur locative de cette ou de ces résidences, à moins que les revenus tirés par le contribuable de propriétés, exploitations ou professions, sises ou exercées en France n' atteignent un chiffre plus élevé, auquel cas ce dernier chiffre sert de base à l'impôt.

Translated into the English language such provision is as follows:

With respect to persons not domiciled in France but having there one or more residences, the taxable income is fixed at a sum equal to seven times the rental value of that or of those residences unless the income received by the taxpayer from property, business or professions situated or carried on in France obtains a higher figure, in which event this last mentioned amount shall be the basis of the tax.

In his income-tax return for the year 1922 the petitioner credited the amount so imposed by and paid to the French Republic against his income-tax liability to the United States. In taking such credit he believed that he was acting in conformity with section 222 (a) of the Revenue Act of 1921, which provides as follows:

(a) That the tax computed under Part II of this title shall be credited with:

(1) In the case of a citizen of the United States the amount of any income, war-profits and excess-profits taxes paid during the taxable year to any foreign country or to any possession of the United States.

The Commissioner disallowed the credit so taken and as his reason therefor contends (1) that the French tax as imposed is not an income, war-profits or excess-profits tax, and (2) that even if it was such a tax, the payment thereof was not made in the taxable year in which the credit was claimed.

This precise question was decided in favor of the petitioner's contention in *Herbert Ide Keen*, 6 B. T. A. 275, and the conclusion there reached governs the issue here.

This result affords this petitioner no relief, however, since the record shows that he paid the amount in controversy to the French revenues in 1923, and seeks to have it credited against his tax liability to the United States in 1922. This is not in conformity with section 222 (a) (1) of the Revenue Act of 1921, *supra*. *David A. Cunningham*, 9 B.T.A. 1050; cf. *Chester D. Griesemer*, 10 B.T.A. 386.

*Decision will be entered for the respondent.*