JOHN J. IDE, PETITIONER, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 101347.   Promulgated February 28, 1941.

*James L. Dohr, Esq.*, for the petitioner.
*E. L. Corbin, Esq.*, for the respondent.

#### OPINION.

SMITH: This is a proceeding for the redetermination of deficiencies in income tax for 1936 and 1937 of $521.74 and $486.70, respectively. The question in issue is whether the petitioner is entitled to deduct from gross income for the years 1936 and 1937 certain amounts expended by him in excess of his per diem allowance in lieu of subsistence for meals, lodging, and entertainment and for the use of an automobile.

The petitioner is an individual, residing at 2 Avenue Gabriel, Paris, France. His income tax returns for 1936 and 1937 were filed with the collector for the district of Maryland.

The petitioner is a graduate of Columbia University. From 1917 to 1920 he served in the Naval Aviation Corps. In 1921 he was appointed Technical Assistant of the National Advisory Committee

for Aeronautics, with office and headquarters at the American Embassy in Paris. During the taxable years he was the European representative of that committee.

The committee referred to was established in 1915 by an Act of Congress which provided, among other things, "that it shall be the duty of the Advisory Committee for Aeronautics to supervise and direct the scientific study of the problems of flight, with a view to their practical solution, and to determine the problems which should be experimentally attacked and to discuss their solution and their application to practical questions." U. S. C. A., Title 50, §151.

During the taxable years the petitioner was paid a regular salary and a moderate quarters allowance and was reimbursed for certain official travel expenses, including a per diem allowance to cover lodging and meals at a rate of $5 a day in the United States and $6 a day in Europe.

Petitioner's duties were generally similar to those of the military and naval attaches at the American Embassy, except that they related to aeronautics instead of military and naval matters and that they covered Europe in its entirety, whereas the military and naval attaches as a rule covered only one country. In substance the petitioner was required to keep the Advisory Committee fully informed as to the scientific research and the technical development of aeronautics in Europe. In the performance of his duties he acted under the general direction of the Advisory Committee, but the means of obtaining the desired information were left largely to his discretion. He traveled extensively in Europe and the United States visiting aircraft laboratories, aircraft and engine factories, aviation fields, and centers of aviation research; he maintained an acquaintance built up over the years with various persons, including Government officials active in the aeronautical field; he was under the necessity of doing a great deal of entertaining of foreign officials and of maintaining a certain prestige while traveling by always stopping at the best hotels; he attended international aeronautical conferences held in various countries; he found it necessary to own and use an automobile more or less continuously, to visit aircraft factories and flying fields in the environs of Paris and occasionally in countries other than France. The information obtained as a result of these activities was reported by him to the Advisory Committee.

In the performance of his duties petitioner received no allowance or reimbursement from the Advisory Committee for a variety of expenditures made from his own funds. In this respect the petitioner differed materially from the military and naval attaches, who received substantial allowances to cover a variety of expenses, including rent, hire of servants, entertainment, gratuities, taxi, auto-

mobile hire, club fees and dues, and costs of operating privately owned automobiles. The amounts so paid by the petitioner and not reimbursed by his employer included railroad and steamship fares, meals and lodging while traveling, costs of operating his own automobile, and certain entertainment expenses. In his return for the year 1936 the petitioner deducted $2,600 as automobile expense and $2,400 as travel expense; in his return for 1937 he deducted $2,400 for automobile expense, $150 for entertainment, and $2,600 for travel expense. All of these deductions were disallowed by the respondent in the determination of the deficiencies.

### Travel Expense.

In 1936 the petitioner traveled in England, France, Germany, Sweden, Czechoslovakia, Holland, Switzerland, Italy, Poland, and the United States. In 1937 he traveled in France, Italy, England, Germany, Roumania, and the United States. He maintained a travel diary which showed that he spent 200 days away from his post in Paris in 1936 and 180 days in 1937. Part of this travel was the result of specific travel orders for which the petitioner received his railroad fare and specific allowances. The excess of such travel allowances was paid by the petitioner from his own funds. In other cases the petitioner traveled entirely at his own expense and without reimbursement. In 1936, for instance, he traveled from the eastern part of the United States to California and back at his own expense. He did this with the approval of the Advisory Committee (which had no funds available for such travel) in order to keep himself abreast of American development in aeronautics and to obtain information which he believed would be useful to his employer. In both years the petitioner paid substantial sums for travel costs for which he was not reimbursed. The cost of railroad fares so paid in 1936 was approximately $400; the cost of lodging, meals, etc., was $10 per day in excess of reimbursement for each of 200 days. In 1937 the cost of these expenses amounted to approximately $2,600, of which, however, $700 was spent in connection with a trip to the United States for personal business purposes. The expenses paid which related directly to his employment amounted to $2,400 in 1936 and $1,900 in 1937.

### Automobile Expense.

During the years 1936 and 1937 petitioner was the owner of a Packard limousine which he used in part in the performance of his duties. The car was purchased in 1935 at a cost of $4,800. In the year 1936 he drove the car 13,000 miles, of which about 80 percent,

or 10,000 miles, was devoted to the objectives of his employment. The cost of operation for 1936 was as follows:

| | | | |
|---|---|---|---|
| Fuel | $740 | Depreciation | $960 |
| Repairs | 460 | | |
| Tires | 360 | Total | 3,250 |
| Garage | 480 | 80% | 2,600 |
| Insurance | 250 | | |

In 1937 the petitioner drove the car a total of 10,000 miles, of which 75 percent, or 7,500 miles, was devoted to the objectives of his employment. The costs in 1937 were as follows:

| | | | |
|---|---|---|---|
| Gasoline and oil | $580 | Depreciation | $960 |
| Repairs | 370 | | |
| Tires | 360 | Total | $3,000 |
| Garage | 480 | 75% | $2,250 |
| Insurance | 250 | | |

### Entertainment.

In 1937 petitioner expended certain sums in the entertainment of foreign officials. As a result of such entertainment he was able to facilitate and secure authorizations to visit various plants and laboratories. The total amount expended for such entertainment was approximately $600. At least $150 of that amount was expended in connection with his line of employment.

Section 23 (a) of the Revenue Act of 1936 provides for the deduction from gross income of:

(a) EXPENSES.—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; * * *

The respondent contends that the petitioner was not entitled to deduct the expenses paid by him during the years 1936 and 1937 in excess of the amounts for which he was reimbursed in connection with his employment and relies largely upon the fact that the National Advisory Committee for Aeronautics informed the internal revenue agent in charge under date of May 19, 1939, that "This employee [John J. Ide] was not required to incur any expenses incidental to his position during the years 1936 and 1937 for which he was not reimbursed." We do not think that this fact makes the expenses claimed by the petitioner as deductions from gross income nondeductible. The facts are simply that the petitioner was of the opinion that he could obtain the results required by his employment only by living at the best hotels, by using an automobile to save time in making many trips, principally in and around Paris, and by entertaining certain individuals which would give him an entree to certain plants and laboratories which he wished to visit. In this connection it should be noted

that the automobile referred to in our findings of fact was only one of two automobiles which the petitioner had in Paris. The other automobile was used almost exclusively for personal purposes. The Packard limousine was used principally for business purposes.

Several cases have come before the Board which involved facts analogous to those herein presented. We have permitted the deduction of traveling expenses in those cases. Thus, in *D. C. Jackling*, 9 B. T. A. 312, the taxpayer was a mine operator and metallurgical engineer who was employed by the United States during 1918. During that year he expended $29,151.37 from his own funds for subsistence and transportation for himself and secretary in connection with his employment, an amount greater than that allowed him by the United States for those purposes. We held the amount was a legal deduction from gross income. In *Chester D. Griesemer*, 10 B. T. A. 386, we held that the expenses incurred by the taxpayer while in Europe on business for his employer, which were in addition to the cost of maintaining his usual place of abode in the United States, were allowable deductions. In *Edwin T. Pollock*, 10 B. T. A. 1297, we held that amounts necessarily paid out of his personal funds by a naval officer appointed the Governor of American Samoa for official entertainment of representatives of foreign governments were deductible as ordinary and necessary expenses. Cf. *Walter F. Brown*, 13 B. T. A. 832.

The respondent objects to the fact that the division of the expenses between personal expenses and business expenses was based largely upon estimates. The petitioner in Paris had records which enabled him satisfactorily to allocate the expenses. This information was not available to the petitioner at the time he gave his deposition in New York.

In *Cohan* v. *Commissioner*, 39 Fed. (2d) 540, the court held that some deduction should be allowed for entertainment and travel expenses even though the taxpayer was able to give only the most general type of estimate. The court said:

* * * Absolute certainty in such matters is usually impossible and is not necessary; the Board should make as close an approximation as it can, bearing heavily if it chooses upon the taxpayer whose inexactitude is of his own making. * * *

The Board has given careful consideration to the deposition of the petitioner received in evidence and also to the exhibits in evidence, one of which was offered by the respondent. After a careful consideration of all of this evidence the Board reaches the conclusion that of the amounts disallowed by the respondent in the determination of the deficiencies for 1936 and 1937, $2,600 for automobile expense and $2,400 for travel expense for the year 1936; and $2,250 for automo-

bile expense, $1,900 for travel expense, and $150 for entertainment expense for 1937, were erroneously disallowed. The respondent's action in making such disallowances in the determination of the deficiencies for 1936 and 1937 is reversed.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

VAN FOSSAN dissents.