Jeter L. Bryson and Ruth W. Bryson v. Commissioner.
Bryson v. Commissioner
Docket No. 10976.
United States Tax Court
1948 Tax Ct. Memo LEXIS 254; 7 T.C.M. (CCH) 77; T.C.M. (RIA) 48016; February 13, 1948
J. M. Wells, Esq., Masonic Temple, Greenville, S.C., for the petitioners. F. L. Van Haaften, Esq., for the respondent. JOHNSON Memorandum Findings of Fact and Opinion JOHNSON, Judge: The Commissioner determined a deficiency of $461.49 in petitioners' joint income and victory tax for 1943 (including the unforgiven portion of the 1942 tax) by disallowing the deduction of transportation and living expenses incurred in 1942 and 1943 while the petitioner husband was indefinitely engaged in war work and absent from the home maintained for his family. Petitioners contest the disallowance. Findings of Fact Petitioners, husband and wife, residents of Greer, South Carolina, filed joint income tax returns for 1942 and 1943 with the collector *255 of internal revenue for the district of South Carolina. They were married in 1927 and have two minor children. Since 1934 they have maintained a home at Greer and the husband (hereafter called petitioner), has engaged in various work, including construction jobs at Asheville, North Carolina. When the attack on Pearl Harbor occurred, he was collecter for a finance company at Greer, and his wife was employed by a ladies ready-to-wear shop there. During the first World War petitioner was an electric crane operator for the Newport News Shipbuilding & Dry Dock Co., at Newport News, Virginia. In February 1942, he was again so employed until December. Leaving this job for personal reasons he returned to Greer, and then accepted an offer to work as a crane operator for the Ingalls Shipbuilding Corporation at Pascagoula, Mississippi. He worked in Pascagoula during fifty weeks of 1943, and until July 3, 1944, when he returned to Greer. In each place his employment was by the week and of indefinite duration. In Newport News and in Pascagoula petitioner occupied quarters in crowded rooming houses. Accommodations for his family were not procurable, and during his absence they remained at a *256 rented home in Greer. The wife retained her job, the children attended school. In Newport News and in Pascagoula petitioner estimated his necessary living expenses by the first week's cost, retained that amount from his salary each week thereafter, and sent the remainder to his wife. On this basis he computed board and lodging at $22 a week in Newport News for 47 weeks, a total of $1,034, and at $35 a week in Pascagoula for 50 weeks, a total of $1,750. He expended $21.50 on roundtrip transportation to Newport News; $28 to Pascagoula. On his income tax return for 1942 petitioner claimed deductible expenses of $1,055.50, representing transportation and living costs at Newport News, and on his return for 1943 claimed deductible expenses of $1,778, representing such costs at Pascagoula. The Commissioner disallowed these expenses because personal and because unsubstantiated by evidence. Opinion Petitioner contends that the amounts expended by him for transportation, board and lodging are deductible under section 23 (a) (1) (A), Internal Revenue Code, which authorizes the deduction of "traveling expenses (including the entire amount expended for meals and lodging) *257 while away from home in the pursuit of a trade or business." Respondent defends his determination on the grounds that such amounts are personal or living expenses, and not deductible by virtue of section 24 (a) (1) and furthermore that they have not been proved. The two sections must be read together for a proper construction of each, and for petitioner to succeed, it must appear that the amounts were reasonable and necessary expenses, incurred while away from home and in pursuit of a trade or business. Commissioner v. Flowers, 326 U.S. 465. Petitioner relies for support principally on Harry F. Schurer, 3 T.C. 544, and Coburn v. Commissioner (D.C. App.), 138 Fed. (2d) 763. In the former a plumber was allowed to deduct transportation and living expenses incurred in work of relatively short duration at several army cantonments distant from his home in Pittsburgh. In the second, a similar deduction was allowed an actor who went from New York to Los Angeles for work under a motion picture contract, and while in Los Angeles successively procured three additional contracts which detained him in California for a total of 263 days. Although petitioner *258 was employed on a weekly basis, his employments are distinguishable in that they were not for a specific job or for short duration, but indefinite in character, cf. Arnold P. Bark, 6 T.C. 851, and continuous absence from Greer was contemplated in his acceptance of them. Cf. John D. Johnson, 8 T.C. 303. Unlike the taxpayers in Charles G. Gustafson, 3 T.C. 998, and D. Griesemer, 10 B.T.A. 386, his work required no travel. For sound personal and economic reasons petitioner chose to maintain his family in Greer, but as said by the Circuit Court of Appeals for the Fourth Circuit in Barnhill v. Commissioner, 148 Fed. (2d) 913, Congress did not intend: "* * * to allow as a business expense those outlays which are not caused by the exigencies of the business but by the action of the taxpayer in having his home, for his own convenience, at a distance from his business. Such expenditures are not essential to the prosecution of the business and were not within the contemplation of Congress which proceeded on the assumption that a business man would live within reasonable proximity to his business." See also S. M: R. O'Hara, 6 T.C. 841; *259 George P. Thompson, 6 T.C. 285; affd. (C.C.A., 2nd Cir.), 161 Fed. (2d) 185. We can well believe that housing conditions at Newport News and at Pascagoula during the war were such as to deter petitioner from bringing his family to his place of employment but that consideration was irrelevant to the prosecution of his employer's business, and is hence immaterial to the issue. Commissioner v. Flowers, supra; York v. Commissioner (D.C. App.), 160 Fed. (2d) 385. Decision will be entered for the respondent.