Bernard L. Shackleford v. Commissioner.
Shackleford v. Commissioner
Docket No. 15338.
United States Tax Court
1948 Tax Ct. Memo LEXIS 77; 7 T.C.M. (CCH) 694; T.C.M. (RIA) 48190; September 30, 1948
*77 Amounts designated as promotional expenses" paid by petitioner, a practicing physician, held, on the evidence, not deductible as ordinary and necessary business expense. Amount of casualty loss resulting from destruction by fire of petitioner's residence and its contents determined from the evidence. Thomas B. Branch, Jr., Esq., Hurt Bldg., Atlanta, Ga., and Thomas W. Branch, C.P.A., 130 Peachtree Battle Ave., N.W., Atlanta, Ga., for the petitioner. Bernard D. Hathcock, Esq., for the respondent. ARNOLD Memorandum Findings of Fact and Opinion
*78 ARNOLD, Judge: The respondent determined deficiencies against the petitioner in the amounts of $9,259.40 in income and victory taxes for the calendar year 1943 and $2,589.55 in income tax for the calendar year 1944. Petitioner contests two adjustments, (1) the disallowances of certain deductions for ordinary and necessary business expenses in the years 1942, 1943 and 1944, and (2) the disallowance of a deduction taken for 1943 for a casualty loss by fire. Other adjustments made by the respondent are not contested. [The Facts] Petitioner is, and during the calendar years 1942, 1943 and 1944 was, a duly licensed physician engaged in the practice of medicine and surgery, and a resident of Atlanta, Georgia. He filed income tax returns for such years with the collector of internal revenue at Atlanta, Georgia. During the taxable years petitioner expended certain sums for flowers for his office, flowers for patients, wedding presents, entertaining other doctors and their wives, entertaining the staff of a hospital and promoting horse shows. He claims the deduction of the amounts so expended as ordinary and necessary expenses of his business as a practicing physician and surgeon, *79 designating them as promotional expenses. The amounts so deducted on petitioner's returns and disallowed by the respondent were $2,333.76 for 1942, $2,062.90 for 1943, and $2,889.58 for 1944. Deduction of certain business expenses was allowed. Petitioner did not segregate from the total amounts claimed as promotional expenses the amounts expended for gifts, or for flowers, or for entertainment or for the promotion of horse shows. He explained that the wedding presents given others were intended to keep him in the minds of the recipients as a prospective doctor or obstetrician; that the horse shows were intended to raise funds for a hospital and school; and that he entertained other physicians and the hospital staff with a view to the possible reference of cases to him. He also stated that his wife was president of a county medical society auxiliary which entailed extra expense and financial burdens. [Opinion] The petitioner cites Cohan v. Commissioner, 39 Fed. (2d) 540; Johnson v. United States, 45 Fed. Supp. 377; Blackmer v. Commissioner, 70 Fed. (2d) 255; Schmidlapp v. Commissioner, 96 Fed. (2d) 680; John J. Ide, 43 B.T.A. 799; *80 Albert Nelson, 6 T.C. 764; and Lewis F. Jacobson, 6 T.C. 1048, modified on other grounds, 164 Fed. (2d) 594, in support of his contention that the expenditures claimed were allowable as deductions for ordinary and necessary business expenses. In these cases taxpayers were allowed deductions, as ordinary and necessary business expenses, of sums expended for the entertainment of business prospects, clients, or associates, customers of the taxpayer's employer, or foreign officials who could facilitate the taxpayer's travel for his employer, and for gifts for similar business purposes. Ordinarily expenditures for entertainment and gifts are social and personal expenses, deduction of which is prohibited by section 24 (a) of the Code. If an expenditure is to be considered deductible, as in the cited cases, the burden is on the taxpayer to prove that it has a direct relation to the conduct of the business and to show the business benefit reasonably to be expected from the payment. Louis Boehm, 35 B.T.A. 1106. In the petitioner's cited cases, *81 generally the taxpayers named or described the customers or clients entertained and stated the nature of the business actually derived from such persons. We do not have this proof in the instant case. The burden is not met by the vague statement that the petitioner hoped to derive some business as a result of the expenditure. The sums expended as a consequence of petitioner's wife as president of a medical society auxiliary have not been identified as to amount or purpose. The year in which she held this office and these expenses were paid is not stated, and the evidence does not show that expenditures of this nature were ordinary and necessary expenses of petitioner's practice. Nor is it shown that expenses of promoting horse shows with a view to raising funds for a hospital and a school are sufficiently related to the petitioner's practice of medicine to constitute an ordinary and necessary business expense thereof. The petitioner did not state the amounts he expended on wedding presents to persons of his acquaintance, the number of such gifts or the names of recipients, nor show any instances in which his services as physician or obstetrician were sought by such persons. The *82 respondent says there is no proof that any of the contested amounts were actually expended. The canceled checks evidencing them, though present at the hearing, were not offered in evidence. However, petitioner went over his checks at the end of each year with his secretary who tabulated the amounts as petitioner classified them from memory and the work sheets containing those summaries are in evidence. These summaries indicate that certain sums were expended. The checks themselves did not show the purpose for which they were drawn and the summaries in many instances do not show the purpose of the expenditures. Being without sufficient evidence to connect the payments with a business purpose, we must sustain respondent's determination. In the early morning of Christmas Day, 1943, petitioner's house and its contents were completely destroyed by fire. Petitioner escaped in pajamas, with a robe, a pair of shoes and one small rug he picked up in leaving the house. His wife escaped in a nightgown and the only thing of value saved by her was a diamond ring she was wearing. Their 14-year old daughter was in a hospital at the time. Petitioner carried fire insurance on the building in the *83 amount of $16,000; on unscheduled personal property therein, $5,000; and on specific items of pictures, furniture, silver, jewelry, a mink coat and a harp, stated amounts aggregating $8,000. The insurance was collected in full except for $1,000 on the diamond ring saved. Two automobiles were also destroyed and insurance collected covering that loss. The petitioner, on his return for 1943, claimed a loss by fire of $16,636.14. The respondent disallowed the deduction as unsubstantiated. Petitioner now claims that the loss amounted to $23,944.59 over and above the insurance realized. The measure of a casualty loss on non-business property, deductible under section 23 (e) of the Internal Revenue Code, is the difference between the fair market value of the property immediately before, and immediately after, the casualty, but not in excess of the cost, and diminished by any insurance recovered. Where property has actually depreciated in value depreciation should be cosidered in determining the value, regardless of the fact that it was not deductible for income tax purposes *84 for prior years. Helvering v. Owens, 305 U.S. 468. Petitioner paid $20,000 for the house and lot some six or seven years before the fire. He made some improvements such as building a small house in the back and putting in shrubbery, but the cost of these improvements was not shown, nor was the fair market value of the property immediately before the fire shown. Petitioner recovered $16,000 insurance on the building and realized $3,759.22 from sale of the lot, a total of $19,759.22. It does not appear that the value of the building immediately before the fire was in excess of the amount recovered. There was no allowable loss as to the building. There was a substantial loss to the petitioner as a result of the destruction of the contents of the house, and the loss was considerably in excess of the insurance recovered thereon. To this extent it is deductible. The petitioner introduced in evidence an itemized list of the articles of furniture, furnishings and clothing contained in the house at the time of the fire, which resulted in their total destruction. The list was prepared by petitioner, his wife, and one John T. Lowry, a man of 18 years' experience as an interior *85 decorator. Lowry was an employee of W. E. Browne Decorating Company. He had sold many of the items of furniture and furnishings to the petitioner, had visited the petitioner's home on a number of occasions, was personally familiar with a substantial part of the contents of the house, and was an experienced appraiser of furnishings. He expressed his belief that the list, showing a cost of $32,703.81 and fair market value as of December 25, 1943, of $33,480.44 was as accurate and fair an appraisal as could be made. He testified that he had accompanied Mrs. Shackleford when selecting some items purchased from other stores and was familiar with their cost and value at the time of the fire. Mrs. Shackleford testified that in preparing the list she revisited the stores where items had been purchased and ascertained the cost prices as nearly as possible of the articles, as petitioner's own records had been lost in the fire. The Browne Decorating Company furnished the prices of items it sold petitioner. The list showed the cost of each article and a figure representing the fair market value thereof on the date of the fire. Mrs. Shackleford had personally bought all the articles with the exception *86 of some items given them, or some of petitioner's personal articles. Some of the articles they had had for 20 years, but many were of recent purchase. The respondent does not deny that the fire occurred or that the house and contents were a total loss, but objects to the allowance of the amount claimed, or any amount, on the ground that the authenticity of the inventory was not proved, the cost prices stated were not established by competent evidence, except as to those purchased of of the Browne Decorating Company, and the values stated were not established by competent evidence. The respondent says the petitioner showed by his testimony that he could not remember the contents of the house, and could not accurately state the values of the articles; that Lowry was not qualified to appraise the contents except those he had sold; and that Mrs. Shackleford had attempted to ascertain the cost of the items but was not interrogated as to their value at the time of the fire and did not distinguish between cost and value in making up the inventory. Where a total loss by fire occurs, it is, of course, difficult to prove the exact value of the property immediately preceding the fire. Physical *87 appraisal by experts is impossible. The petitioner and his wife have taken great pains to be accurate in preparing the inventory presented. Over 300 items or groups of items are listed, with the cost thereof, and an estimate of their value at the time of the fire. In so far as it identifies the items in the house and supplies the cost thereof, it is probably as accurate and complete a list as could be prepared. The list does not give the age of each item, but some are stated as now and the age of some others can be fixed from the other evidence. The "value" stated as to each listing may be open to question, as Mrs. Shackleford did not always distinguish between cost and value, in many instances showing the cost as value and in some cases giving the value in excess of cost. We think Lowry's opinion must be given considerable weight in arriving at the value of the furniture and furnishings. Expert testimony on valuation may not be disregarded when there is no evidence to rebut it. Belridge Oil Co. v. Commissioner, 85 Fed. (2d). But some reduction in the valuation must be made, particularly as *88 to other items, on account of their usage. Much of the furniture was of recent purchase and all of it had been well taken care of and was well preserved. From a careful examination of all the evidence bearing on the question of value at the time of the fire we are of the opinion that the then value of the property destroyed, excluding the automobiles for which no claim is made, was $24,620, which was less than cost. Deducting the amount of insurance recovered, $12,000, leaves an amount of $12,620, for which petitioner is entitled to a deduction for the year 1943 as a casualty loss. Decision will be entered under Rule 50.