Fulton Freeman v. Commissioner. Phyllis E. Freeman v. Commissioner.
Freeman v. Comm'r
Docket Nos. 30518, 31295.
United States Tax Court
1952 Tax Ct. Memo LEXIS 275; 11 T.C.M. (CCH) 285; T.C.M. (RIA) 52084; March 31, 1952
*275 Fulton Freeman, pro se. James J. Saxon, Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion The Commissioner determined deficiencies in income tax for the year 1948 in the amount of $91 against Fulton Freeman and $89 against Phyllis E. Freeman. The issue is whether certain expenditures made by Fulton Freeman, an officer of the United States Foreign Service, in connection with his being transferred from Peiping, China, to Washington, D.C., are deductible under Section 23(a) of the Internal Revenue Code. Findings of Fact A stipulation of facts was filed by the parties which is incorporated herein by reference. Fulton Freeman and Phyllis E. Freeman are husband and wife. Each filed an individual income tax return for the year 1948 *276 on a cash basis with the collector of internal revenue for the district of Maryland. The expenditures in controversy were all made by Fulton Freeman, but Phyllis E. Freeman's liability is also involved, because one-half of Fulton Freeman's income was reported by each of them, in view of their claim of domicile in California and the applicability of the community property laws of that state. Fulton Freeman will hereinafter be referred to as the petitioner. Petitioner is an officer of the United States Foreign Service of the Department of State. He resided from April 19, 1946, until February 25, 1948, in Peiping, China, where he was stationed as American Consul. The consulate was headed by a Consul General, but on several occasions aggregating about nine months during petitioner's residence in Peiping, there was no Consul General present and petitioner was in charge. On such occasions it fell to his lot to do such official entertaining as would be expected of the American representative at that place. During petitioner's period of residence in Peiping, petitioner, his wife, and their three daughters occupied a Government-owned residence that was classified as "furnished" by the Department *277 of State. However, the furniture was not in good repair, and there were no curtains or slip covers. Petitioner had taken with him from the United States 9,007 pounds of furniture and personal effects, which served to supplement the furnishings of the residence. He also acquired about $1,700 worth of furniture in China, including chairs, tables, cabinets, lamps, small Chinese stools, and a desk. He was not required to buy any such additional furniture, but, in view of the character of the furniture that came with the residence, such additional furniture was appropriate. In February 1948, petitioner received orders transferring him to the United States. Pursuant to regulations of the State Department, he was entitled to ship up to 16,500 pounds of furniture and personal effects at Government expense. At that time officials were divided into three groups, according to their salaries: group 1, including all officials whose salaries were $10,000 or over, and who were allowed 24,000 pounds; group 2, including officials whose salaries ranged from $6,600 to $9,999, and who were allowed 20,000 pounds; and group 3, including officials with salaries up to $6,599, and who were allowed 16,500 *278 pounds. Petitioner's salary was $6,300 at that time and he fell into group 3, even though for extended periods he discharged functions that called for officials of higher grade and salary. Of the furniture and goods brought with him from the United States to China, petitioner disposed of two bunk beds and some minor items at the conclusion of his stay in China. At the time of departure from Peiping, petitioner was informed by the local packing company that the furniture and effects being shipped for him to the United States were well within his 16,500 pound allowance. The furniture and effects shipped by petitioner to the United States, however, actually amounted to 19,900 pounds, and he was required to pay $501.70 for shipping with respect to the excess of 3,400 pounds over his 16,500 pound allowance. Petitioner paid $240 for insurance on the entire shipment of his household goods and personal effects, which was not reimburseable by the Department of State. In petitioner's Peiping residence he had a staff of eight personal household servants. When he departed from Peiping, he distributed an aggregate of$ 150 among them, representing from one to two months additional salary *279 for each, depending upon how long each had been employed. Such payments were customary. In connection with petitioner's travel within the United States, from California to Washington, an amount of $87.16 was suspended from the total amount claimed by petitioner for reimbursement by the Department of State, but which he claimed as a deduction on his income tax return. He has since abandoned any claim to deduction for this amount. Petitioner paid $25 for transportation on an extra fare train from San Francisco to Washington, D.C., for which he did not claim or receive reimbursement from the Department of State. The use of the extra fare train was for the accommodation and convenience of petitioner and his family. In connection with the entire shipment of petitioner's furniture and effects from Peiping to Washington, petitioner incurred charges in Washington reflected by a bill from the Federal Storage Company as follows: 1948
5/11
Cartage from Freight Depot
$ 70.00
Transportation tax
2.10
Labor - In
24.00
General Storage to 7/19/48
102.50
5/13
Cartage from Union Station
9.00
Transportation Tax
.27
Labor - In
1.00
5/14
Access
.50
5/14
Access
.50
6/16
Cartage from Freight Depot
10.50
Transportation Tax
.32
Warehouse Labor - In
1.50
Freight advance to Pennsylvania
Railroad
99.78
7/19
Cartage from warehouse to resi-
dence
133.50
Transportation Tax
4.01
Unpacking, unwrapping and plac-
ing as directed
142.00
Warehouse Labor - Out
23.00
Total
$624.48
*280 Before he filed his claim for reimbursement with the Department of State, petitioner was informed by a proper and competent officer of the Department of State that the charges represented by the foregoing bill exceeded the authorized expenditures for this purpose in connection with his official travel. Accordingly, petitioner limited his claim to $474.62, as follows: Cartage from station
$ 93.24
Storage - 2 months
85.30
Cartage to residence
155.23
Unpacking
140.85
$474.62 The difference of $149.86 which he personally incurred was not reimbursed. Opinion RAUM, Judge: To the extent that petitioner made expenditures that are in fact covered by Section 23(a) of the Internal Revenue Code, he is entitled to the benefit of the deduction even though his expenditures exceed reimbursement from the State Department. Cf. John J. Ide, 43 B.T.A. 799; I.T. 4012, 1950-1 Cum. Bull. 33; but cf. Commissioner v. Motch, 180 Fed. (2d) 859 (C.A. 6). However, the difficulty with petitioner's position herein is that the expenditures in controversy were personal, and do not qualify for deduction under Section 23(a). *281 Thus, the cost of moving one's household effects from one permanent duty station to another has been held not to be deductible under Section 23(a). H. Willis Nichols, Jr., 13 T.C. 916. Cf. York v. Commissioner, 160 Fed. (2d) 385 (C.A.D.C.). Petitioner lays great stress upon the fact that he was reimbursed for the transportation of 16,500 pounds, and contends that transportation of the 3,400 excess pounds of household goods and personal effects was no different in character from the transportation of the 16,500 pounds for which he was reimbursed. But he was given no deduction under Section 23(a) for the transportation costs of the 16,500 pounds. Rather, pursuant to Section 116(k), such reimbursement never found its way into gross income. That Congress has recognized an equitable obligation to reimburse officials of the State Department for certain personal expenditures and has provided that the reimbursement shall not be included in gross income certainly does not operate to convert such personal outlays into deductible business expenses. We have carefully examined the record and have concluded that all of the deductions claimed by petitioner, not merely *282 those relating to the transportation of the excess poundage, were based upon expenditures that were personal in character and are not allowable under Section 23(a). Decisions will be entered for the respondent.