Ernest H. Vernon and Freda J. Vernon v. Commissioner.
Vernon v. Commissioner
Docket No. 70706.
United States Tax Court
T.C. Memo 1959-189; 1959 Tax Ct. Memo LEXIS 60; 18 T.C.M. (CCH) 851; T.C.M. (RIA) 59189; October 13, 1959
*60 1. Held, respondent correctly increased petitioners' gross income for the taxable year 1952 by the amount of $2,118.71. 2. Held, petitioners are entitled to additional deductions from gross income in the amount of $1,975.11 for the taxable year 1952. 3. Other deductions in the amount of $3,954.69 are disallowed. Robert H. Walker, Esq., 909 Financial Center Bldg., Oakland, Calif., for the petitioners. Joseph D. Holmes, Jr., Esq., and Edward H. Byle, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion Respondent determined a deficiency in petitioners' income tax for the taxable year 1952 in the amount of $1,393.64. By amended answer the Commissioner seeks to increase this deficiency to $1,973.68. *61 Petitioners concede that the sum of $2,017.71, representing reimbursement for travel, conference, and miscellaneous expenditures, should have been, but was not, included in income for 1952. They also concede that certain deductions for transportation are duplications of automobile expenses allowed by the respondent. Petitioners further concede that $312 expended in connection with a reception and a meeting for political personalities is not deductible. Respondent concedes that the amount of $214.43, evidenced by hotel bills, was spent by petitioner Ernest H. Vernon for ordinary and necessary business expenses. These concessions will be taken into consideration in the recomputation consequent on our opinion. There remain two questions: First, whether the sum of $101, received by petitioner Ernest H. Vernon from the East Bay Automotive Machinists Lodge No. 1546 as strike expense, should be included in gross income; and second, whether respondent properly disallowed deductions for business expense in the amount of $5,929.80. Findings of Fact Some of the facts are stipulated. The stipulation is incorporated herein by this reference. Petitioners are husband and wife residing in *62 Alameda, California. They filed their joint Federal income tax return for the taxable year 1952 with the district director of internal revenue at San Francisco, California. For convenience, Ernest H. Vernon will hereinafter be referred to as petitioner. During 1952 petitioner was employed as the general business representative of the East Bay Automotive Machinists Lodge No. 1546, sometimes hereinafter referred to as the lodge, a nonprofit labor organization affiliated with the International Association of Machinists and having its headquarters in Oakland, California. Petitioner was also secretary-treasurer of the Northern California Automotive Machinists Council, a nonprofit labor organization; president of the East Bay Automotive Machinists Council, a nonprofit labor organization; and Commissioner, State of California, Department of Industrial Relations, Apprenticeship Division. During the year 1952 petitioner received a salary of $9,966.07 as an employee of East Bay Automotive Machinists Lodge No. 1546, and compensation in the amount of $240 from the State of California for his attendance at California Apprenticeship Council meetings. Both of these sums were reported on petitioner's *63 income tax return for 1952. Petitioner received during 1952 an allowance of $100 per month for automobile expenses and an allowance of $115 per month for miscellaneous expenses from the East Bay Automotive Machinists Lodge No. 1546. These expense allowances aggregated $2,580 and were reported on petitioner's income tax return for 1952. Petitioner also received, during 1952, an expense and transportation allowance from the East Bay Automotive Machinists Lodge No. 1546 in the aggregate of $1,710.21 for conferences attended on behalf of the lodge; an expense and travel allowance from the State of California in the aggregate of $232.50 for attendance at Apprenticeship Council meetings; additional income from the lodge in the amount of $75; and $101 from the lodge on April 15, 1952, as strike expense. None of the above amounts were reported on petitioner's income tax return for 1952. Petitioner now admits that with the exception of the $101 received as strike expense, all should have been included in income for that year. On his income tax return for the taxable year 1952 petitioner included $2,580 in gross income as "East Bay Auto Mach Union No. 1546 Expenses". He also subtracted *64 $2,504 from gross income as business car expenses. [1] This reporting was not disturbed by the respondent. In addition to the above items of and deductions from gross income, petitioner claimed other business expense deductions totaling $5,929.80. This figure was composed of conference expenses in the amount of $4,049.30, including expenses of $940 allegedly incurred while attending California Apprenticeship Council meetings, as well as expenses of $3,109.30 allegedly incurred while attending union conferences and conventions. It also embraced negotiation and organizing expenses in the amount of $1,022.50, including $110 deducted as salesmen's strike expense; legislative expenses in the amount of $424.50, including $300 for a reception for President Harry S. Truman and $12 for a reception for Democratic Presidential candidate Stevenson (both of which sums have now been conceded by the petitioner to be nondeductible); and miscellaneous business expenses in the amount of $433.50, including $60 claimed to have been spent at a shop stewards' *65 banquet to curry favor among union members. All of these additional deductions were disallowed by the respondent. Petitioner made notations in a daily diary of amounts allegedly spent at conferences, luncheons, dinners, and other functions for food, lodging, tips, traveling expenses, and the entertainment of others. The notations were an approximation. The diary reveals that petitioner was concerned with an auto salesmen's strike which began on March 27, 1952, and ended on April 12, 1952. It also lists expenses incurred as a result of the strike, totaling $155. Prior to June 17, 1952, the bylaws of East Bay Automotive Machinists Lodge No. 1546 provided that salaries and expenses of delegates to conventions should be their prevailing daily scale plus $20 per day and first class rail fare, and that the salaries of delegates to machinists' conferences should be the prevailing daily scale plus $15 per day and first class rail fare. After June 17 the bylaws of the lodge provided that the salaries of delegates to conventions and machinists' conferences should be $20 per day, and that their expenses should be $20 per day plus first class rail fare. During 1952 the Labor Code of the *66 State of California provided for the payment of $20 to each member of the Apprenticeship Council for each day of his actual attendance at meetings of the Council, together with his actual and necessary traveling expenses incurred in connection therewith. Petitioner was elected annually to his position as general business representative of East Bay Automotive Machinists Lodge No. 1546. In order for him to secure election he believed it was necessary that he curry favor among the union members. Respondent disallowed deductions for business expense claimed on petitioner's income tax return for the taxable year 1952 in the amount of $5,929.80. Opinion VAN FOSSAN, Judge: The first question is whether the sum of $101, received by petitioner from the East Bay Automotive Machinists Lodge No. 1546 as strike expense, should be included in petitioner's gross income. By way of an amended answer seeking to increase the deficiency, respondent alleges that additional expense allowances and income aggregating $2,118.71 were received by petitioner during 1952, but were not reported on his income tax return, although properly includible in income for the taxable year 1952. Petitioner admits *67 receipt of the entire $2,118.71 and further admits that $2,017.71 of this sum should have been included in income. Proper treatment of the remaining $101 is in issue. This $101 payment was reimbursement to petitioner for expense incurred in connection with a strike conducted by an automobile salesmen's union. On his income tax return for the taxable year 1952 petitioner deducted $110 for salesmen's strike expenses. Petitioner testified that the $101 was not used toward payment of the $110 expense. However, petitioner's daily diary refers to only one strike involving the salesmen's union. This strike took place between March 27 and April 12, 1952. The diary lists expenses relating to the strike in the amount of $155. Petitioner received the $101 from the union on April 15. We are of the opinion that respondent, upon whom rests the burden of proof of this item, has shown the $101 to have been includible in petitioner's income and we hold that under respondent's amended answer petitioner's gross income for the taxable year 1952 should be increased by the amount of $2,118.71 ($2,017.71 plus $101). On his income tax return for the taxable year 1952 petitioner included the sum of $2,580 *68 in gross income as "East Bay Auto Mach Union No. 1546 Expenses". He also subtracted $2,504 from gross income as business car expenses. These automobile expenses were itemized on page 2 of petitioner's return. This was proper procedure for the reporting of reimbursed business expenses and was not disturbed by the respondent. See Regulations 118, section 39.23(a)-2(c) and (d). [2]
Under "Other Deductions" petitioner claimed additional business expenses on his income tax return for the taxable year 1952 in the amount of $5,929.80. This deduction was disallowed by respondent. The remaining question is whether all or any part of the $5,929.80 deduction for business expenses should be *69 allowed. The evidence shows that in addition to the $2,580 included in gross income, petitioner received from the lodge $1,710.21 for expenses incurred while attending union conferences and conventions, $101 for strike expense, and $75 for other items. He also received $232.50 from the State of California as reimbursement for expenses incurred in attending California Apprenticeship Council meetings. These sums aggregate $2,118.71, all of which we have held should have been included in income. Of this amount petitioner admits that $219.60 represents a duplication of automobile expense, deduction of which was allowed by the respondent. Eliminating duplications, and taking into consideration the amounts included in and subtracted from gross income, it is apparent that petitioner was reimbursed a total of $4,479.11 by East Bay Automotive Machinists Lodge No. 1546 and by the State of California for conference, travel and incidental expenses. [3] Of this sum respondent allowed a deduction from gross income in the amount of $2,504. While there may be some question as to the precise accuracy of the accounts rendered by petitioner to his employers, we are of the opinion that the deductions *70 here in issue should be deducted from gross income to the extent of the remainder of the reimbursed expenses, $1,975.11. See Regulations 118, section 39.23(a)-2 (c) and (d), supra. The balance of the claimed deductions, $3,954.69, is disallowed. Whether or not a particular expenditure is a deductible business expense turns on the facts of the case, and the burden of proof is normally on the petitioner to show that such expenditures were primarily business rather than personal expenses. Louis Boehm, 35 B.T.A. 1106 (1937). Petitioner has failed to carry this burden. In support of his position petitioner contends that he expended certain sums to curry favor of fellow union members and thus to insure his re-election *71 as union business representative, and that these sums are deductible as ordinary and necessary business expenses under section 23(a)(1)(A) of the Internal Revenue Code of 1939 or as ordinary and necessary expenditures incurred for the production of income under section 23(a)(2). We do not agree. Petitioner's position as business representative of East Bay Automotive Machinists Lodge No. 1546 did not constitute a trade or business other than his being an employee of that lodge. The monies he expended to promote himself among his fellow union members were clearly not expenses of carrying out the function of this office but were expenses incurred in trying to be union business representative in future years. As such, they are not deductible under section 23(a)(1)(A). McDonald v. Commissioner, 323 U.S. 57 (1944); Mays v. Bowers, 201 F. 2d 401 (C.A. 4, 1953). Nor were such expenditures deductible as expenses of collection or production of income. Section 23(a)(2) applies to nontrade or nonbusiness expenses and allows, in the case of an individual, a deduction for all the ordinary and necessary business expenses paid or incurred for the production or collection *72 of income. A deduction under this section is subject to all the restrictions and limitations that apply to a deduction under section 23(a)(1)(A) except for the requirement of being incurred in connection with a trade or business. H. Rept. No. 2333, 77th Cong., 2d Sess., p. 75, 1942-2 C.B. 372; S. Rept. No. 1631, 77th Cong., 2d Sess., p. 88, 1942-2 C.B. 504. Regulations 118, section 39.23(a)-15(f) provides in part that - "Among expenditures not allowable under section 23(a)(2) are the following: * * * expenses such as expenses in seeking employment or in placing oneself in a position to begin rendering personal services for compensation, * * *" Petitioner fits precisely within the restrictions of the Regulations. He was not in the position of a man who enjoyed a continuing contract of employment, nor was he defending any existing right. He had a right, if elected, to be business representative of East Bay Automotive Machinists Lodge No. 1546 for one year only. Each year it was necessary for him to seek election to his post anew. Yearly election was a necessary prerequisite to placing himself in a position to render services for compensation. The amounts *73 expended by petitioner to curry favor among his fellow union members are not deductible under section 23(a)(1)(A) or section 23(a)(2) of the Internal Revenue Code of 1939. Cf. Morton Frank, 20 T.C. 511 (1953). Petitioner concedes that claimed deductions of $300 expended in connection with a receiption for President Harry S. Truman and $12 expended in connection with a meeting for Democratic Presidential candidate Stevenson are not allowable. Of the expenses deducted on petitioner's return, $940 was claimed as expenses of attending California Apprenticeship Council meetings. The remainder was claimed as expenditures relating to his position as business representative of East Bay Automotive Machinists Lodge No. 1546. Petitioner was reimbursed $232.50 by the State of California for attendance at Apprenticeship Council meetings and $1,710.21 by his lodge for attendance at union conferences and conventions. Both of these amounts have already been allowed as deductions. Even if we assume that petitioner's position as Commissioner of the Apprenticeship Division of the Department of Industrial Relations of the State of California was a public office and by explicit *74 provision of the Internal Revenue Code of 1939 constituted a trade or business, we still are unable to conclude that the expenditures which he claims to have made in connection with his attendance at California Apprenticeship Council meetings, but for which he was not reimbursed, are deductible. [4] The record as to these items is confused, and the testimony does not convince us that the claimed expenditures were made or, if made, were ordinary and necessary to the performance of the functions of his office. Nor is there anything in the record to indicate that the remaining expense deductions here in issue, claimed in connection with petitioner's position as union business representative, were required by his employment or that they were his own ordinary and necessary business expenses. There is no evidence that the East Bay Automotive Machinists Lodge No. 1546 required that he make any expenditures other than those for which he was reimbursed. These expenses were not petitioner's but those of his employers. *75 It is well established that where the expenses are those of the employer they are not deductible by the employee paying them, even though he may not be reimbursed. Franklin M. Magill, 4 B.T.A. 272 (1926); Hal E. Roach, 20 B.T.A. 919 (1930); and Andrew Jergens, 17 T.C. 806 (1951); accord, Noland, Jr. v. Commissioner, 269 F. 2d 108 (C.A. 4, 1959), affirming a Memorandum Opinion of this Court [17 TCM 301, T.C. Memo. 1958-60]. Petitioner contends that the expenditures are deductible, even though not reimbursed, citing John J. Ide, 43 B.T.A. 799 (1941), and Grover Tyler, 13 T.C. 186 (1949). Both cases are distinguishable. In the Tyler case there was an understanding between the taxpayer and his employer that the taxpayer would absorb certain business expenses out of his salary. There is no evidence of such an agreement here. The taxpayer in the Ide case was an employee of the United States Government. Military and civilian officers and employees of the Government have long been allowed to deduct the ordinary and necessary expenses in carrying out their official duties, whether or not reimbursed. *76 I.T. 4012, 1950-1 C.B. 33. It is clear to us that petitioner's position with the East Bay Automotive Machinists Lodge No. 1546 in no way constituted a public office. The consequence of the above analysis of petitioner's income and deductions is to approve the addition of $2,118.71 to petitioner's gross income, as set forth in respondent's amended answer, and to allowa deduction from gross income of $1,975.11 in excess of that approved by respondent. Other deductions in the amount of $3,954.69 are disallowed. Decision will be entered under Rule 50. Footnotes
1. The actual amount deducted for automobile expense was $2,504, as shown on page 2 of the return. Page 1 erroneously lists the figure of $2,580.↩
2. Section 39.23(a)-2. Traveling expenses. * * * (c) If an individual receives a salary and is also paid his actual traveling expenses, he shall include in gross income the amount so repaid and may deduct such expenses. (d) If an individual receives a salary and also an allowance for meals and lodging, as, for example, a per diem allowance in lieu of subsistence, the amount of the allowance should be included in gross income and the cost of such meals and lodging may be deducted therefrom.↩
3. Received from Automotive Machinists Lodge No. 1546: ↩
Auto and miscellaneous ex-
pense allowance reported
on return
$2,580.00
Expense and transportation
allowance for conferences
1,710.21
Strike expense
101.00
Other
75.00
$4,466.21
Received from State of California
$ 232.50
$4,698.71
Duplication of automobile expense
(219.60)
$4,479.11
Deducted from gross income on re-
turn
2,504.00
$1,975.11
4. SEC. 48. DEFINITIONS. When used in this chapter - * * *
(d) Trade or Business. - The term "trade or business" includes the performance of the functions of a public office.↩