Walter B. Krych and Irma Krych v. Commissioner.
Krych v. Commissioner
Docket No. 71879.
United States Tax Court
T.C. Memo 1961-11; 1961 Tax Ct. Memo LEXIS 341; 20 T.C.M. (CCH) 44; T.C.M. (RIA) 61011; January 23, 1961
*341 Held: 1. Where petitioner, an agent of the Internal Revenue Service, could, under Service policy, obtain reimbursement for his automobile expenses and no showing was made that such expenses were greater than the amount reimbursable, deduction of such expenses under section 23(a)(1)(A), I.R.C. of 1939, denied. Horace E. Podems, 24 T.C. 21 (1955), followed. 2. Loss on forfeiture of deposit for purchase of home in area where petitioner hoped to obtain employment was personal in nature and nondeductible. Walter B. Krych, pro se, 4204 South Anna Avenue, Lyons, Ill. Arthur N. Nasser, Esq., for the respondent. FORRESTER
Memorandum Findings of Fact and Opinion FORRESTER, Judge: Respondent has determined a deficiency in the income tax of petitioners for the *342 year 1952 in the amount of $340.93. The issues for our determination are: (1) Whether petitioner is entitled to deduct automobile expenses as "ordinary and necessary" business expenses under section 23(a)(1)(A) of the Internal Revenue Code of 1939; and (2) whether the forfeiture of a deposit on a contract to purchase a personal residence in the locality where petitioner hoped to obtain employment was properly deductible. Findings of Fact Some of the facts have been stipulated and are so found. Petitioners, husband and wife, filed a joint Federal income tax return for the year 1952 with the district director of internal revenue in Chicago, Illinois. Traveling Expenses During the period January to September 1952, Walter was employed as an agent for the Internal Revenue Service in Chicago, Illinois. His automobile expenses (exclusive of depreciation) for the year 1952 were $703.76. In 1952, Walter's employer had in effect a travel expense policy under which employees such as Walter would receive 7 cents per mile (plus bridge fares) for use of their automobile on official business. The employer's regulations also provided: (4) If travel is performed by privately owned automobile *343 instead of common carrier for personal reasons, reimbursement must be claimed on the comparative cost basis, i.e., mileage not to exceed the cost by common carrier plus taxicab fares, * * * Walter submitted one voucher to his employer in 1952 for reimbursement of automobile expense in the amount of $12. This voucher was paid. Walter submitted no other vouchers during 1952. On his return for 1952, Walter made due allowance for the reimbursed auto expenses and for a portion of the expense (including depreciation) which he deemed personal or attributable to his other income. The remainder of the auto expenses (including depreciation), totaling $535.72, he deducted on his return. All of Walter's travel expenses were reimbursable. Forfeiture of Deposit About May 1952, Walter contemplated leaving the employ of the Internal Revenue Service and went to Gadsden, Alabama, to investigate an employment offer from a man named Byrn to serve as general manager of a local department store. On June 17, 1952, Walter deposited $1,000 with a local real estate firm as down payment on a home he had arranged to purchase in Gadsden. In September 1952, Walter left the employ of the Internal Revenue *344 Service and again went to Gadsden to negotiate terms with Byrn. Walter insisted on a 2-year written contract with Byrn and, after some discussion, Byrn refused. Sometime in November 1952 Walter left Gadsden permanently without ever commencing work there. After leaving Gadsden, Walter made an effort to secure the return of his down payment on the Gadsden home but it was unsuccessful, and on December 2, 1952, he was notified that the $1,000 was forfeited under the terms of the contract. Walter deducted the $1,000 on his 1952 return as a loss on sale or exchange of property other than capital assets. Opinion Traveling Expenses Petitioners apparently concede that to the extent a taxpayer is able to obtain reimbursement for his expenses from his employer but fails to do so, the expenses so incurred are not "necessary" within the meaning of section 23(a)(1)(A), [1] and are hence nondeductible. Such is the settled law on the question. Horace E. Podems, 24 T.C. 21 (1955); Heidt v. Commissioner, 274 F. 2d 25 (C.A. 7, 1959), affirming a Memorandum Opinion of this Court; Coplon v. Commissioner, 277 F. 2d 534, (C.A. 6, 1960), affirming per curiam *345 a Memorandum Opinion of this Court. However, petitioners, while not denying the existence of the Internal Revenue Service's expense reimbursement policy which we have found was in effect in 1952, argue that, as a practical matter, no Internal Revenue Service personnel ever sought reimbursement for local transportation expense and that the expenses were therefore not reimbursable. They also secured the testimony of another agent that "it was * * * too much trouble" to prepare the forms to seek reimbursement and Walter, himself, maintained that he felt it would hurt his position if he was too petty about seeking reimbursement. There is a surface merit to petitioners' position but we feel that the record clearly supports the conclusion that the expenses were in practice, as well as theory, reimbursable. Witness the $12 reimbursement to petitioner on the only voucher he submitted during the year. In the Heidt case, supra, petitioners made much the same argument as is made by petitioners here and the appellate court replied (274 F. 2d 25, 27-28): Taxpayer testified that he promulgated an oral rule *346 for himself to the effect that he would not claim reimbursement for expense incurred in the use of his privately-owned automobile while employed on company business. He testified further that the Administrative Committee had knowledge of this practice on his part but that no written record was made relative to it. His purpose in following this course was to avoid possible criticism in dealing with his subordinates in such matters. * * *
The burden of taxpayer's contention is that all of the expenses here involved constituted ordinary and necessary expenses of earning his salary; that he was precluded from claiming reimbursement from Bendix because of the limitations he imposed upon himself pursuant to the oral rule he promulgated pursuant to company authority; and that such rule was based upon his sound business judgment and was necessary to enable him properly to discharge his corporate responsibilities. Taxpayer cites no case in support of his contention, and we know of none. He relies upon his own interpretation of the statute. * * * In the instant case we have a situation where the automobile expense incurred by taxpayer was for the benefit of the employer and taxpayer *347 was clearly entitled to reimbursement. The employer is entitled to the deduction, and the employee who receives reimbursement is entitled to offset and deduct his expenditures from his receipts. Under such circumstances the employee ordinarily realizes no income and incurs no individual expense as a result of the transaction. See, Treasury Regulations 118, Sections 39.23(a)-1 and 39.23(a)-2, promulgated under the 1939 Code. Taxpayer seeks to avoid this by relying upon his self-promulgated oral rule. * * * We agree with the Tax Court "that his use of his own automobile was based primarily on considerations of personal choice and convenience and certainly not upon any necessity of office," and that "[this] being the case, his decision not to claim reimbursement for automobile expenses, while perhaps sincerely motivated, cannot convert what would properly be Bendix's expense into ordinary and necessary business expenses of his own." * * * [Italics supplied by appellate court.] Petitioners' reliance on John J. Ide, 43 B.T.A. 799 (1941), and similar cases is clearly misplaced. There, we simply pointed out that a Government employee may have "necessary" expenses and *348 that deductibility was not precluded merely because the employee made expenditures beyond those for which he was entitled to be reimbursed. Nor is there any basis upon which we can conclude that Walter expended more than the amount reimbursable. For, even accepting petitioners' argument that Walter was ineligible for mileage reimbursement as such, and could only receive the common carrier rates (see Internal Revenue Service regulations quoted in our findings), there is still no showing in the record of the portion of Walter's automobile expenses attributable to his employment as compared with the reimbursement for which he was eligible. Indeed, petitioners' position that the expenses were too insignificant to make a claim for reimbursement worthwhile leads us to believe that most of the automobile expenses were personal in nature. Forfeiture of Deposit Petitioners seek to deduct the $1,000 deposit which they forfeited when they felt obliged to renege on their contract to purchase a home in Gadsden. They argue, in the alternative, that the amount is deductible under one of the following theories: (1) As an expense incurred in "pursuit of a trade or business"; (2) as an expense *349 incurred in the production or collection of income; or (3) as a loss incurred in a transaction entered into for profit. We are of the opinion that petitioners' position is without merit under any of these theories. For, assuming arguendo (although we have grave doubts as to this from the record) that the contract to purchase was somehow required in order for Walter to obtain the position, it is settled that expenses incurred in seeking out a trade or business or a source of income are personal, nondeductible expenses. In Morton Frank, 20 T.C. 511, 513-514 (1953), we said: The expenses of investigating and looking for a new business and trips preparatory to entering a business are not deductible as an ordinary and necessary business expense incurred in carrying on a trade or business. George C. Westervelt, 8 T.C. 1248. The word "pursuit" in the statutory phrase "in pursuit of a trade or business" is not used in the sense of "searching for" or "following after," but in the sense of "in connection with" or "in the course of" a trade or business. It presupposes an existing business with which petitioner is connected. * * * Also cf. Eugene H. Walet, Jr., 31 T.C. 461 (1958), *350 affd. per curiam 272 F. 2d 694 (C.A. 5, 1959). Perhaps, there is some appeal to petitioners' argument that forfeiture of the deposit was the most prudent course they could follow and saved them from absorbing a larger subsequent loss. However, this is an argument more properly addressed to Congress than to this Court which cannot allow deductions the legislators have chosen not to grant. We view this expense as purely personal in nature and nondeductible. Decision will be entered for the respondent. Footnotes
1. All Code references are to the Internal Revenue Code of 1939.↩